ORIGINAL

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 27 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ʻĪLIOʻULAOKALANI COALITION, a Hawaii nonprofit corporation; NĀ ʻIMI PONO, a Hawaii unincorporated association; KĪPUKA, a Hawaii unincorporated association,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>DONALD H. RUMSFELD, Secretary of Defense; et al.,<br><br>Defendants - Appellees,<br><br>and<br><br>LES BROWNLEE, Acting Secretary of the United States Department of the Army,<br><br>Defendant. | No. 05-15915<br><br>D.C. No. CV-04-00502-DAE<br>District of Hawaii,<br>Honolulu<br><br>ORDER |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 02 2006

at __ oʼclock and __ min __ M
SUE BEITIA, CLERK

Before: B. FLETCHER, THOMPSON, and BEA, Circuit Judges.

We grant a temporary injunction enjoining Defendants-Appellees from implementing, executing, or proceeding with the following activities associated with the transformation of the 2nd Brigade of the 25th Infantry Division (Light) to a Stryker Brigade Combat Team in Hawaii: grading, grubbing, other ground

disturbance, construction, land acquisition, project design, geotechnical testing, unexploded ordinance clearance, contract award, and Stryker Brigade Combat Team-specific training pending entry of an injunction by the district court. Stryker Brigade Combat Team-specific training is defined as that training specifically intended to familiarize soldiers with the Stryker combat vehicle and does not limit in any way the ability of the Army to train and qualify soldiers on and with weapons systems not mounted on Stryker combat vehicles, nor does it restrict the Army from providing training to soldiers that familiarizes them with the Stryker combat vehicle in a classroom or computer simulation setting, nor does it prevent the Army from entering into negotiations over non-Stryker Brigade Combat Team-specific training of soldiers at Makua Military Reservation or other locations not located on Schofield Barracks Military Reservation. Defendants-Appellees shall refrain from implementing, executing, or proceeding with the proscribed transformation-related activities until the district court has entered an interim injunction.

We otherwise remand Plaintiffs-Appellants' Emergency Motion Under Circuit Rule 27-3(a) For Interim Injunctive Relief Pending Decision Regarding Permanent Injunction to the district court for the purpose of determining the appropriate scope of an interim injunction and entering such injunction pending

Defendants-Appellees' compliance with the National Environmental Policy Act of 1969 ("NEPA"), 42 U.S.C. §§ 4321 *et seq.*, as required by our opinion in this appeal filed October 5, 2006 at slip op. 17449.

We have considered Plaintiffs-Appellants' Emergency Motion For Interim Injunctive Relief, alleging that immediate injunctive relief is necessary to prevent irreparable harm because the Army will begin construction of the Battle Area Complex at Schofield Barracks on Oahu on November 1, 2006, and Defendants-Appellees' Opposition to any injunctive relief.

Properly balancing the parties' equities requires a fact-intensive inquiry best undertaken by the district court. It should consider, among other factors, which of the Stryker Brigade Combat Team transformation-related activities in Hawaii are time-critical and which activities can proceed without causing irreparable environmental and cultural harm. Since this matter is very time-sensitive, the district court shall proceed expeditiously.

Judge Bea indicates that he will file a dissent to the order to which the majority will respond.

**SO ORDERED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

OCT 27 2006

by: /s/ Deputy Clerk