ORIGINAL

EDWARD H. KUBO, JR. (2499)
United States Attorney
District of Hawai`I
HARRY YEE        (3790)
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawai`I  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
Email: harry.yee@usdoj.gov

SUE ELLEN WOODRIDGE
Assistant Attorney General
BARRY A. WEINER
JAMES D. GETTE
Trial Attorneys
United States Department of Justice
Environment & Natural Resources Division
General Litigation Section
P.O. Box 663
Washington, D.C.  20044-0663
Telephone: (202) 305-0469
Facsimile:  (202) 305-0274
Email: Barry.Weiner@usdoj.gov

Attorneys for Federal Defendants

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 0 6 2006

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ILIO'ULAOKALANI COALITION, a Hawaii, nonprofit corporation; NA'IMI PONO, a Hawaii unincorporated association; and KIPUKA, a Hawaii unincorporated association,<br><br>        Plaintiffs,<br>    v.<br><br>DONALD H. RUMSFELD, Secretary of United States Department of Defense; and LES BROWNLEE, Acting Secretary of the United States Department of the Army,<br><br>        Defendants. | CIVIL NO. 04-00502 DAE BMK<br><br>FEDERAL DEFENDANTS' NOTICE OF EMERGENCY REMAND FROM THE COURT OF APPEALS; EXHIBITS "A" - "C"; CERTIFICATE OF SERVICE<br><br><br>Hearing:<br><br>Date: November 6, 2006<br>Time: 8:30 a.m.<br>Judge: Hon. David A. Ezra |

Federal Defendants, DONALD H. RUMSFELD, Secretary of the United States Department of Defense; and LES BROWNLEE, Acting Secretary of the United States Department of the Army, ("U.S. Army), by and through undersigned counsel, file this Notice of Emergency Remand from the United States Court of Appeals for the Ninth Circuit. The Emergency Remand arises from an Order of the Ninth Circuit entered on October 27, 2006, issued a few weeks after its Opinion concluding that the U.S. Army had violated the National Environmental Policy Act ("NEPA") by failing to consider locations outside of Hawaii for transforming the 2nd Brigade to a Stryker Brigade Combat Team. In its October 27th Order, as described in more detail below, the Ninth Circuit issued a limited remand to this Court for the sole purpose of determining on an expedited basis the appropriate scope of "interim injunctive relief" pending a decision by this Court on the scope of a permanent injunction. Order of October 27, 2006, at 2-3 and Addendum to Order at 9.[1] Since this matter is very time-sensitive, a fact recognized by the Ninth Circuit in directing that the matter be resolved "expeditiously," Order at 3, the Army intends to request that the Court consider the scope of interim injunctive relief at its earliest opportunity.

Given the unique nature of the Ninth Circuit's October 27th

---

[1] A copy of the Court of Appeals' Opinion, Order, dissenting opinion (Bea, J.), and Addendum are attached hereto.

Order, some additional explanation of its background is needed. The Orders responds to an emergency motion filed by Plaintiffs in the Ninth Circuit seeking "interim injunctive relief" pending a decision by this Court on the scope of permanent relief pursuant to the Ninth Circuit's Opinion on the merits. The Ninth Circuit did not grant the Plaintiffs the relief they sought, but instead issued a "temporary injunction" and "remanded to the district court to enter and determine the scope of an interim injunction." Addendum at 9.

The temporary injunction prohibits the Army "from implementing, executing, or proceeding with the following activities associated with the transformation of the 2nd Brigade of the 25th Infantry Division (Light) to a Stryker Brigade Combat Team in Hawaii: grading, grubbing, other ground disturbance, construction, land acquisition, project design, geotechnical testing, unexploded ordinance clearance, contract award, and Stryker Brigade Combat Team-specific training pending entry of an injunction by the district court." Order of Oct. 27 at 1-2. The Ninth Circuit imposed this temporary injunction "until the district court has entered an interim injunction" and accordingly remanded to this Court "for the purpose of determining the appropriate scope of an interim injunction . . . ." Id. at 2. In response to a dissent to the Order filed by Judge Bea, the Court of Appeals issued an Addendum to its Order that clarified

3

that it had not issued the interim injunction requested by Plaintiffs but instead had "entered a temporary injunction pending the district court's expeditious resolution of the interim injunction." Addendum at 9.

As the Ninth Circuit acknowledged, it did not "[p]roperly balanc[e] the parties' equities" in entering the temporary injunction, a function the Ninth Circuit determined should be performed instead by this Court. Order at 3 ("Properly balancing the parties' equities requires a fact-intensive inquiry best undertaken by the district court"). Further, responding to the U.S. Army's objection that an interim injunction would harm national security, the Ninth Circuit acknowledged that "this matter is very time-sensitive," and it consequently ordered "the district court [to] proceed expeditiously" to adjudicate the interim injunction. Id. (emphasis added). Finally, in the Addendum to its Order, the Ninth Circuit took pains to clarify the temporal limitations of the temporary injunction and its directions to this Court:

> Reading the dissent, one would think that we have issued a permanent injunction. We have not. We have not even issued an interim injunction pending a ruling on a permanent injunction, which is what the Plaintiffs ask for. Rather, we have entered a temporary injunction pending the district court's expeditious resolution of the interim injunction. We have acknowledged that properly balancing the parties' equities is a fact-intensive inquiry best undertaken by the district, and we have remanded to the district court to enter and determine the scope of an interim injunction.

4

Addendum at 9.

Given the Ninth Circuit's Order, the U.S. Army will seek an immediate hearing before this Court to determine the scope of an interim injunction as directed by the Court of Appeals. The U.S. Army will demonstrate that an interim injunction must allow training and certain related construction activities to proceed to avoid impairing the ability of the 2nd Brigade to accomplish its military mission with a minimum of American casualties, a <u>paramount</u> national interest. We will argue that the temporary injunction should be lifted immediately, and a more limited interim injunction issued in its place, because the harm to the U.S. Army, and to the public interest, from the continuation of the temporary injunction grossly outweighs the negligible risk of harm to the Plaintiffs' interests from lifting it.

Plaintiffs' counsel has indicated the plaintiffs will oppose the Army's request for an immediate hearing on grounds that this Court lacks jurisdiction to adjudicate the interim injunction. Such opposition would fly in the face of the Ninth Circuit's explicit acknowledgment that this matter is "very time-sensitive," and the Court of Appeals' emphatically clear direction for this Court to proceed "expeditiously" to determine whether and how to convert the temporary injunction into an interim injunction.

To the extent Plaintiffs contend that this Court lacks

jurisdiction to adjudicate the interim injunction until the Court of Appeals issues a mandate, see generally Fed. R. App. P. 41, they are wrong. Pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, this Court does not need a mandate in order to adjudicate an interim injunction as directed by the Court of Appeals. Under Rule 62(c), where, as here, an appeal is pending from a final judgment denying an injunction, the district court "in its discretion may suspend, modify, restore or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." The Ninth Circuit long ago held that the power to issue injunctions under this rule is retained throughout the pendency of the appeal. United States v. El-O-Pathic Pharmacy, 192 F.2d 62, 79-80 (9th Cir. 1951) ("this authority of the district court must now be held to continue throughout the period when the appeal is pending"). Under Rule 62, the district court may not materially alter the status of the case on appeal, Natural Resources Defense Council, Inc. v. Southwest Marine, 242 F.3d 1163, 1166-67 (9th Cir. 2001), but that principle is not violated here because an interim injunction does not impact the appeal. To the contrary, adjudication of the interim injunction would serve to implement the explicit directive of the Court of Appeals. Consequently, there is no need for a mandate to issue in order for this Court to decide

6

whether to issue an interim injunction as directed by the Court of Appeals.

      Respectfully submitted this 6th day of November 2006.

                      EDWARD H. KUBO, JR. (2499)
                      United States Attorney
                      District of Hawai`i

By _____/s/ Harry Yee_____
   HARRY YEE
   Assistant U.S. Attorney

SUE ELLEN WOODRIDGE
Assistant Attorney General

BARRY A. WEINER
JAMES D. GETTE
Trial Attorneys
General Litigation Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Email: Barry.Weiner@usdoj.gov
Telephone:   202-305-0469
Fax:   202-305-0274

Of Counsel:
Robert M. Lewis
Senior Trial Attorney
Army Environmental Law Division
901 North Stuart Street, Suite 400
Arlington, VA 22203
Telephone: (703) 696-1567
Facsimile: (703) 696-2940