DAVID L. HENKIN          #6876
ISAAC H. MORIWAKE        #7141
EARTHJUSTICE
223 South King Street, Suite 400
Honolulu, Hawai‘i 96813
Telephone No.: (808) 599-2436
Fax No.: (808) 521-6841
Email: dhenkin@earthjustice.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| ‘ĪLIO‘ULAOKALANI COALITION, a Hawai‘i nonprofit corporation; NĀ ‘IMI PONO, a Hawai‘i unincorporated association; and KĪPUKA, a Hawai‘i unincorporated association,<br><br>    Plaintiffs,<br><br>    v.<br><br>DONALD H. RUMSFELD, Secretary of Defense; and FRANCIS J. HARVEY, Secretary of the United States Department of the Army,<br><br>    Defendants. | Civil No. 04-00502 DAE BMK<br><br>PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO FILE SECOND AMENDED COMPLAINT AND TO JOIN NECESSARY PARTIES; EXHIBIT "A" |

PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION TO FILE SECOND AMENDED
<u>COMPLAINT AND TO JOIN NECESSARY PARTIES</u>

I.     INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 15(a) and 19(a), plaintiffs ʻĪlioʻulaokalani Coalition, Nā ʻImi Pono, and Kīpuka (collectively, "the Hawaiian Groups") respectfully ask this Court to grant leave to amend their complaint to join C.R. Churchill, D.A. Heenan, Richard W. Gushman II, and Ronald J. Zlatroper, the duly appointed, qualified and acting trustees under the Will and of the Estate of James Campbell; John Ray, Timothy E. Johns, and Warren Haruki, the duly appointed, qualified and acting trustees of the Parker Ranch Foundation Trust; the Parker Land Trust; and Parker Ranch, Inc. (collectively, "the Landowners") as necessary parties in this action with respect to issues of injunctive relief.  See Proposed Second Amended Complaint, attached hereto as Exhibit "A."  The Hawaiian Groups intend to seek – as part of their requested relief for National Environmental Policy Act ("NEPA") violations by defendants Donald H. Rumsfeld, Secretary of Defense, and Francis J. Harvey, Secretary of the United States Department of the Army, (collectively, "the Army") – to set aside land transactions between the Army and the Landowners involving over 25,000 acres of land.  Federal Rule of Civil Procedure 19(a) mandates joinder of the Landowners because setting aside the land transactions may "impair or impede the [Landowners'] ability to protect [their] interest[s]" and because, in the Landowners' absence, "complete relief cannot be accorded among those already parties."  Fed. R. Civ. P. 19(a); see also Kettle Range Conservation Group v.

United States Bureau of Land Mgm't, 150 F.3d 1083, 1086 (9th Cir. 1998). Granting leave to file the Second Amended Complaint to join the Landowners as defendants complies with Rule 15's liberal policy favoring amendment of pleadings, with leave to amend "freely granted." Fed. R. Civ. P. 15(a).[1]

II.   BACKGROUND

In this action, the Hawaiian Groups seek to ensure the Army's full compliance with NEPA before it carries out environmentally destructive activities related to the conversion of the 2nd Brigade to a Stryker Brigade Combat Team in Hawai'i. The Hawaiian Groups filed this lawsuit on August 17, 2004. Subsequently, the Army proceeded with various Stryker-related activities, including land acquisitions. In particular, the Army carried out two major land transactions with the Landowners in furtherance of its Stryker conversion plans:

- On September 22, 2004, the Army filed a Declaration of Taking in United States of America v. 1402.00 Acres of Land, et al., Civ. No. 04-00574 SOM-BMK (D. Haw.), condemning about 1,400 acres of land on the island of O'ahu from the Estate of James Campbell.

- On June 9, 2006, the Army purchased about 24,000 acres of land on the island of Hawai'i from the Parker Ranch.

On October 5, 2006, the Ninth Circuit held that "[t]he Army violated NEPA by not considering alternatives that include transformation of the 2nd Brigade

---

[1] To meet this Court's timeline for briefing injunctive relief, the Hawaiian Groups are seeking expedited resolution of this motion, pursuant to the ex parte motion to shorten time filed herewith.

outside of Hawaii." ʻĪlioʻulaokalani Coalition v. Rumsfeld, 464 F.3d 1083, 1098 (9th Cir. 2006). The Ninth Circuit remanded "to require [the Army] to prepare a supplemental [site-specific environmental impact statement] to consider all reasonable alternatives, most notably the potential for transforming the 2nd Brigade outside of Hawaii." Id. at 1087.

On October 27, 2006, the Ninth Circuit issued an order temporarily enjoining the Army from proceeding with Stryker-related activities in Hawaiʻi and "remand[ing] this case to the district court for the purpose of determining the appropriate scope of an interim injunction and entering such injunction pending [the Army's] compliance with [NEPA]." ʻĪlioʻulaokalani Coalition v. Rumsfeld, No. 05-15915, slip op. at 2-3 (9th Cir. Oct. 27, 2006) (Order).

Yesterday, on November 6, 2006, this Court held its initial status conference on remand. The Court set an expedited briefing schedule regarding the scope of injunctive relief pending the Army's compliance with NEPA and scheduled the hearing on injunctive relief for November 20, 2006. The Hawaiian Groups now seek to join the Landowners as necessary parties so the Court may consider the Hawaiian Groups' claims for complete relief, including setting aside the land transactions executed in violation of NEPA.

The Hawaiian Groups sought the Army's agreement to file the Second Amended Complaint joining the Landowners, but the Army indicated it intends to oppose the Hawaiian Groups' request. The Hawaiian Groups also contacted the

Landowners to inform them about this motion and to apprise them of the schedule for resolving issues related to injunctive relief on remand.

III. THIS COURT SHOULD GRANT THE HAWAIIAN GROUPS' REQUEST TO AMEND THEIR COMPLAINT TO JOIN THE LANDOWNERS

   A. Rule 19(a) Requires Joinder Of The Landowners As Necessary Parties.

Federal Rule of Civil Procedure 19(a) mandates that:

> [a] person . . . shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest . . . .

(Emphasis added.) Rule 19(a) further directs that "[i]f the person has not been so joined, the court shall order that the person be made a party." (Emphasis added.)

As part of their requested relief for the Army's NEPA violations, the Hawaiian Groups will seek to set aside the land transactions between the Army and the Landowners as contrary to the letter and spirit of NEPA. The Hawaiian Groups will fully brief the merits of such relief in due course; they bring this motion for the sole purpose of joining the necessary parties with respect to such relief, as Rule 19 expressly requires.

In Kettle Range, the Ninth Circuit held that, where plaintiffs seek to set aside land transactions based on a NEPA violation, parties who "had already taken title to the land" are "'necessary parties' with respect to the injunctive relief sought . . .

5

. because the district court could not grant complete relief without 'impair[ing] or imped[ing]' their interests." 150 F.3d at 1086 (quoting Rule 19(a)). In this case, while the Army is the party who has taken title to the land, the same principle applies to the Landowners. Since the relief the Hawaiian Groups seek – setting aside the completed land transactions – would "impair or impede" the Landowners' interests and since the Hawaiian Groups cannot secure complete relief unless the Landowners return the purchase price to the Army, Rule 19(a) mandates the Landowners "shall be joined as [parties]" and "the court shall order that [they] be made [parties]."

> B.  Rule 15(a) Favors Granting Leave To Amend To Join The Landowners.

Federal Rule of Civil Procedure 15(a) mandates that leave to amend pleadings "shall be freely given when justice so requires." The Ninth Circuit has made clear that "[t]his policy is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted).

Leave to amend "should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or pleadings." In re Morris, 363 F.3d 891, 894 (9th Cir. 2004) (quoting James v. Pliler, 269 F.3d 1124, 1126 (9th Cir. 2001)). Accordingly,

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Eminence Capital, 316 F.3d at 1052 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id. (emphasis in original).[2]

The Hawaiian Groups readily meet the standard for amendment. The remedy phase of this case began only yesterday, marking the first time that any of the Landowners were proper defendants in this NEPA lawsuit. See Churchill County v. Babbitt, 150 F.3d 1072, 1082 (9th Cir. 1998) ("A private party cannot comply with NEPA, and, therefore, a private party cannot be a defendant in a NEPA compliance action"); id. at 1083 (private parties limited to intervention in "remedial phase" of NEPA lawsuits); Forest Conservation Council v. U.S. Forest Service, 66 F.3d 1489, 1499 & n.11 (9th Cir. 1995) (non-federal parties have interest only in "portion of the proceedings addressing the injunctive relief sought by plaintiffs"). The Hawaiian Groups have immediately sought joinder of the

---

[2] "[U]ndue delay by itself is insufficient to justify denying a motion to amend." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712-13 (9th Cir. 2001) (brackets and ellipsis omitted).

7

Landowners on an expedited basis, precluding any finding of undue delay, bad faith or dilatory motive.

Nor will joinder of the landowners cause any prejudice to the Army.[3] "Prejudice is the touchstone of the inquiry under rule 15(a)" and is the consideration "that carries the greatest weight." Eminence Capital, 316 F.3d at 1052 (internal quotation marks omitted). "The party opposing amendment bears the burden of showing prejudice." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). The Army informed the Hawaiian Groups that it intends to oppose their request to join necessary parties based on the alleged delay that it may cause. The Hawaiian Groups, however, brought this motion at the earliest practicable opportunity and seek expedited resolution of their motion precisely to ensure the parties can keep to the schedule set by this Court. Any delay related to the Hawaiian Groups' request would be due solely to the Army's insistence on opposing it, rather than consenting to the filing of the Second Amended Complaint.

In sum, the Hawaiian Groups' sole intention in seeking leave to amend to join the Landowners is to "facilitate decisions on the merits," a goal entirely consistent with the purposes of Rule 15(a). Morris, 363 F.3d at 894. The

---

[3] Since the Hawaiian Groups have consistently maintained that any land acquisitions for the Army's Stryker project were improper prior to compliance with NEPA, the Army cannot credibly claim it was unaware of the Hawaiian Groups' claims for relief. See Popp Telecom v. American Sharecom, Inc., 210 F.3d 928, 943 (8th Cir. 2000) ("The inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party.").

Hawaiian Groups will not prejudice the Army by joining necessary parties to these proceedings, as the law requires.  On the contrary, the Army seeks to prejudice the Hawaiian Groups by resorting to "technicalities" to prevent the Hawaiian Groups from seeking complete relief.  Id.; see also Foman 371 U.S. at 182 (emphasizing it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities").

IV.   CONCLUSION

Joinder of the Landowners complies with Rule 19's requirement to join necessary parties and Rule 15's extremely liberal policy favoring leave to amend, and will facilitate decision of all claims for relief on the merits.  Therefore, the Hawaiian Groups respectfully ask the Court to grant their motion.

DATED:   Honolulu, Hawai'i, November 7, 2006.

>                    EARTHJUSTICE
>                    David L. Henkin
>                    Isaac H. Moriwake
>                    223 South King Street, Suite 400
>                    Honolulu, Hawai'i 96813
>
> By:   /s/ David L. Henkin
>       DAVID L. HENKIN
>       ISAAC H. MORIWAKE
>       Attorneys for Plaintiffs