

*Preserving America's Heritage*

July 25, 2006

Colonel Howard Killian
Garrison Commander
US Army Garrison, Hawaii
Bldg 580, Fernandez Hall, Room 101
Schofield Barracks, HI 96857-5000

Dear Colonel Killian:

In 2004 the Department of the Army entered into a Programmatic Agreement (PA) with the ACHP and the Hawai'i State Historic Preservation Officer for the transformation of the 2nd Brigade, 25th Infantry Division (Light) to a Stryker Brigade Combat Team (SBCT) on the islands of O'ahu and Hawai'i. This PA was developed in accordance with Section 800.14 of the ACHP's regulations (36 CFR Part 800) to enable the Army to meet its responsibilities under Section 106 of the National Historic Preservation Act (16 USC 470f) for the broad range of actions necessary to complete this transformation. In signing the PA, the U. S. Army Garrison, Hawaii committed to carry out a program of activities to ensure that the SBCT undertaking took into account effects to historic properties included in or eligible for inclusion in the National Register of Historic Places.

Critical to the success of this PA was an ongoing commitment by the Army to work closely with Native Hawaiian organizations, families, and individuals that may ascribe traditional religious and cultural importance to historic properties that may be affected by the SBCT undertakings. [T]o show an understanding of the significance and respect properties of traditional religious and cultural importance, including burials and landscapes, play in the lives of Native Hawaiians in Stipulation III, the Army committed to selection of a Cultural Monitor and to providing that Cultural Monitor with *timely notification of all site-specific projects and access*. By enabling the Cultural Monitor to serve as *an independent observer* the Army could *provide additional assurances to Native Hawaiians that properties of traditional religious and cultural importance are being properly treated*.

It is, therefore, a matter of growing concern to us that we have recently received from Native Hawaiian organizations strong criticism about how the terms of the PA are being implemented. Specifically, these concerns suggest that projects are being carried out without specific safeguards to ensure on going participation by Native Hawaiian organizations in project development and implementation. These concerns are based on several examples where the intent and purpose of the Cultural Monitor was undermined by inadequate notice and coordination by the Army's contractors. Other expressed concerns suggest that project contractors are proceeding without clear direction regarding what precautions are necessary in the field to protect sites, disagreements over whether certain projects are covered by the terms of the PA, and rushed

ADVISORY COUNCIL ON HISTORIC PRESERVATION

1100 Pennsylvania Avenue NW, Suite 809 • Washington, DC 20004
Phone 202-606-8503 • Fax: 202-606-8647 • achp@achp.gov • www.achp

**EXHIBIT 11**

project schedules that prevent required consultation with Native Hawaiian organizations. The consequences of these have posed a number of threats to recognized sites of cultural importance to Hawaiians, the most recent being Haleauau Heiau, where construction activity apparently breached the buffer erected by the Army.

The net result of these problems suggests a growing concern among Native Hawaiian organizations that the terms of the PA are not being met by the Army. There is always opportunity for a degree of misunderstanding and inadequate coordination in any major construction project such as SBCT projects. However, since consultation with Native Hawaiian organizations is so crucial to the success of the PA, it is of understandable concern when based on their experiences in the field Native Hawaiians are voicing this level of criticism.

Stipulation VI.D. establishes for the ACHP a monitoring role for the PA and specifies that the ACHP *will review any activities if so requested*. Your response to the following would enable us to better understand what the Army is doing to meet the terms of the PA. Under stipulation VI. B. the Army agreed to provide to the PA signatories and concurring parties annual reports on or before July 1 of each year summarizing activities carried out under the terms of the PA. We do not have record of having received from the Army the 2005 report, and the 2006 report is now also due. Please provide us with copies of both reports. Second, under dispute resolution provision VI.C.(4) objections from a member of the public, including Native Hawaiian organizations, families and individuals were to be submitted to the Garrison Commander, who in turn was obligated to notify the signatory and concurring parties and *take the objection into account before proceeding with the undertaking at issue*. Apparently, the Army has not chosen to treat objections it has received from Native Hawaiians to date in accordance with this provision, or if it has, it is unclear how it has responded to objections it has received. Clarification on both how the Army has responded to objections it has received from Native Hawaiians and what steps the Army has taken to address these objections would be appreciated. We would be particularly interested in learning what measures the Army is instituting to ensure that its contractor provides appropriate and timely access to the Cultural Monitor and respects safeguards intended to protect Native Hawaiian sites from damage during construction.

We look forward to receiving your reply. Thank you in advance for your assistance. If you have any questions, I can be reached at 202-606-8505.

Sincerely,

Don L. Klima
Director
Office of Federal Agency Programs

2