# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

No. 05-15915

ILIO'ULAOKALANI COALITION, et al.

Plaintiffs-Appellants

v.

DONALD H. RUMSFELD, et al.

Defendants-Appellees,

On Appeal From the United States District Court
for the District of Hawaii
(Civil Action No. 04-00502 DAE BMK)

## FEDERAL APPELLEES' OPPOSITION TO EMERGENCY MOTION
## FOR INJUNCTION PENDING DECISION ON PERMANENT INJUNCTION

ANDREW MERGEN
MICHAEL T. GRAY
U.S. Department of Justice
Environment & Natural Resources
Division, Appellate Section
P.O. Box 23795 l'Enfant Plaza Sta.
Washington, D.C. 20026
(202) 305-4903

# EXHIBIT 24

weapons accuracy, communications capability and protection for our soldiers that we can achieve now with our Strykers." Id.

It is also vital to train the 2d Brigade as an SBCT because "if events in the world require 2d Brigade to deploy tomorrow, or whenever, it will do so with all available Strykers." Id. The soldiers must train on the equipment they will take into battle. And they must do so "everyday in order to fight effectively when . . . deployed to combat." Id. The bottom line is this: "There is no going back to legacy procedures and or previous less capable unit designs." Id. The 2d Brigade no longer exists as a light infantry, the equipment has changed, the training has changed, and the new system is better for the soldiers and the Army.

It is clear that 2nd Brigade's transformation is critical to national security, and should not be enjoined. The brigade needs all of its equipment and facilities, either to transform or to maintain readiness now or in the future. National security and foreign policy considerations such as implicated here are sufficient to find that no injunction should issue, even in the face of a NEPA violation. Committee for Nuclear Responsibility Inc. et al., v. Seaborg, 463 F.2d 796, 798 (D.C. Cir 1971).

    C.    *An injunction would deny the Army what is necessary to train the 2d Brigade for combat deployment.*

Ronald L. Borne, the Director of Transformation for the 2d Brigade, has set forth the essential requirements that the Army must have to successfully complete the 2d Brigade's training as an SBCT before November 2007. Borne ¶¶ 4-6. To enjoin those activities will cause the grave harms described above. Thus, the Army submits

14

that no injunction, temporary or otherwise, should issue against the following activities, as described in detail, both for the composition of the projects and their necessity to completion of the 2d Brigade's mission, in the declarations by Borne, COL Banach, and Major General William H. Brandenburg:

- New Equipment Fielding and New Equipment Training
- Soldier and Unit Level Training
- Construction and use of 5 critical projects out of the 28 studied in the EIS. These projects represent a fraction of the overall Stryker-related construction. They are:

   1. QTR1 at Schofield Barracks
   2. SBCT Motor Pool at Schofield Barracks
   3. Urban Assault Course at Schofield Barracks
   4. Tactical Vehicle Wash Facility at Schofield Barracks East Range (An environmental protection measure)
   5. Multiple Deployment Facility at Wheeler Army Airfield, Hawaii.

All of the Army's construction projects in association with the transformation are important, but these five are absolutely critical. Borne ¶ 6; Banach ¶ 6, 8; Brandenbug ¶¶ 7, 10-12.[3] Similarly critical is all of the training and new equipment fielding for the 2d Brigade if the 2d Brigade is to meet its availability date and if the harms described above are to be averted. The Court must balance the national security implications of enjoining those activities against the harm alleged by the plaintiffs.

---

[3] Plaintiffs' reason for seeking emergency relief is the imminent construction of the Battle Area Complex at Schofield Barracks. Mot. ii. That project is not one of the five critical construction projects.

15