DAVID L. HENKIN        #6876
ISAAC H. MORIWAKE      #7141
EARTHJUSTICE
223 South King Street, Suite 400
Honolulu, Hawai‘i 96813
Telephone No.: (808) 599-2436
Fax No.: (808) 521-6841
Email: dhenkin@earthjustice.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| ‘ĪLIO‘ULAOKALANI COALITION, a Hawai‘i nonprofit corporation; NĀ ‘IMI PONO, a Hawai‘i unincorporated association; and KĪPUKA, a Hawai‘i unincorporated association,<br><br>   Plaintiffs,<br><br> v.<br><br>DONALD H. RUMSFELD, Secretary of Defense; and FRANCIS J. HARVEY, Secretary of the United States Department of the Army,<br><br>   Defendants. | Civil No. 04-00502 DAE BMK<br><br>PLAINTIFFS' NOTICE OF UNCITED AUTHORITIES; COPIES OF UNCITED AUTHORITIES; CERTIFICATE OF SERVICE<br><br><u>Hearing</u>:<br><br>Date: November 16, 2006<br>Time: 9:30 a.m.<br>Judge: Hon. Barry M. Kurren |

<u>PLAINTIFFS' NOTICE OF UNCITED AUTHORITIES</u>

Pursuant to Local Rule 7.8, plaintiffs ʻĪlioʻulaokalani Coalition, Nā ʻImi Pono, and Kīpuka hereby provide notice that they intend to rely on the following previously uncited authorities (attached) at the hearing on their Motion To File Second Amended Complaint And To Join Necessary Parties, which shall come on for hearing before the Honorable Barry M. Kurren, Magistrate Judge of the United States District Court for the District of Hawaiʻi, on November 16, 2006, at 9:30 a.m. or as soon thereafter as counsel can be heard, in his Courtroom in the United States Courthouse, Prince Jonah Kūhiō Kalanianaʻole Federal Building, 300 Ala Moana Boulevard, Honolulu, Hawaiʻi:

1. Kern Oil & Refining Co. v. Tenneco Oil Co., 840 F.2d 730, 734 (9th Cir.), cert. denied, 488 U.S. 948 (1988) (divestiture of jurisdiction upon appeal is "judge-made doctrine designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time. It should not be employed to defeat its purposes nor to induce needless paper shuffling.");

2. Davis v. United States, 667 F.2d 822, 824 (9th Cir. 1982) (prior to issuance of mandate, "[t]he district court may act to assist the court of appeals in the exercise of its jurisdiction");

3. ʻĪlioʻulaokalani Coalition v. Rumsfeld, No. 05-15915, slip op. at 2-3 (9th Cir. Oct. 27, 2006) (Order) (remanding to district court "for the purpose of determining the appropriate scope of an interim injunction

2

… pending [the Army's] compliance with the National Environmental Policy Act of 1969 ('NEPA')");

4. Sierra Club v. Marsh, 872 F.2d 497, 500-01 (1st Cir. 1989) (injunction proper in NEPA cases to prevent government from commiting to particular course of action);

5. Desert Citizens Against Pollution v. Bisson, 231 F.3d 1172, 1175, 1187-88 (9th Cir. 2000) (in lawsuit brought pursuant to Administrative Procedure Act ("APA"), court has discretion to set aside federal agency's acquisition of over 2,600 acres of land);

6. Muckleshoot Indian Tribe v. U.S. Forest Service, 177 F.3d 800, 804, 814-15 (9th Cir. 1999) (in NEPA case, court authorized to set aside federal agency's acquisition of over 32,000 acres of land);

7. Stand Together Against Neighborhood Decay, Inc. v. Board of Estimate, 690 F. Supp. 1192, 1200 (E.D.N.Y. 1988) (in NEPA case involving condemnation, "title ... can be returned whence it came by order of the Court");

8. United States v. 1,402 Acres of Land, No. 05-15858, slip op. at 2 (9th Cir. Oct. 5, 2006) (appeal involved claim Army's NEPA violation deprived it of congressional authorization to condemn);

9. Federal Appellees' Brief at 17-18, United States v. 1,402 Acres of Land, No. 05-15858 (9th Cir.) ("A court's ability to fashion an

equitable remedy in a direct NEPA challenge to an agency action pursuant to the [APA] may include the ability to enjoin that action, including any condemnation of land to be undertaken as part of that action;" "the question in a NEPA lawsuit, once a violation of NEPA has been found, is whether any part of the project – including condemnation – will prejudice the agency's environmental analysis in further violation of NEPA");

10. <u>National Forest Preservation Group v. Butz</u>, 485 F.2d 408, 411 (9th Cir. 1973) (in NEPA case, court has equitable discretion to set aside land transactions that occur "after a defendant has been notified of the pendency of a suit seeking an injunction against him, even though a temporary injunction has not been granted");

11. <u>Burbank Anti-Noise Group v. Goldschmidt</u>, 623 F.2d 115, 116 (9th Cir. 1980), <u>cert. denied</u>, 450 U.S. 965 (1981) (if NEPA violated, court can order transfer of title to original owner);

12. <u>National Audubon Soc'y v. Department of Navy</u>, 422 F.3d 174, 202-07 (4th Cir. 2005) (enjoining Navy's condemnation of land pending compliance with NEPA);

13. <u>ʻĪlioʻulaokalani Coalition v. Rumsfeld</u>, No. 05-15915, slip op. at 3, 8 (9th Cir. Oct. 27, 2006) (Addendum to Order Granting Temporary Injunction and Remanding) (rejecting Army's claims that allegedly

"'critical' [Stryker-related] activities are 'critical;'" noting cultural harm from Army's "land acquisition");

14. 32 C.F.R. § 651.11(d) (NEPA analysis required for all Army actions that are not exempt by law, emergencies or categorically excluded);

15. 32 C.F.R. pt. 651, app. B, § II(f)(5) (exempting Army's land acquisitions from NEPA review only if "the land use will not change substantially or where the land acquired will not exceed 40 acres");

16. Public Access Shoreline Hawaii v. Hawai'i County Planning Comm'n, 79 Haw. 425, 437-51, 908 P.2d 1246, 1258-72 (1995) (Hawai'i's constitution and statutes protect exercise of traditional and customary rights on private property); and

17. Joint Stipulation And Order To Resolve The Need For Certain Discovery Until After A Decision On The Merits Is Reached, 'Ilio'ulaokalani Coalition v. Rumsfeld, Civ. No. 04-00502 DAE BMK (D. Haw. Nov. 22, 2004) (bifurcating merits and remedy phases of case; deferring remedy-related discovery until after a finding the Army violated NEPA).

DATED at Honolulu, Hawaiʻi, November 15, 2006.

        EARTHJUSTICE
        223 South King Street, Suite 400
        Honolulu, Hawaiʻi 96813


By:   /s/ David L. Henkin
      David L. Henkin
      Attorneys for Plaintiffs

---

Īlioʻulaokalani Coalition, et al., v. Rumsfeld, et al., Civ. No. 04-00502 DAE BMK (D. Haw.); PLAINTIFFS' NOTICE OF UNCITED AUTHORITIES