# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

No. 05-15858

UNITED STATES OF AMERICA
            Plaintiff-Appellee

v.

1,402 ACRES OF LAND, et al,
            Defendants-Appellees,

and

'ĪLIO'ULAOKALANI COALITION; NĀ 'IMI PONO; and KĪPUKA
            Intervenors-Defendants-Appellants

On Appeal From the United States District Court
for the District of Hawaii
(Civil Action No. 04-00574 DAE BMK)

**FEDERAL APPELLEES' BRIEF**

KELLY A. JOHNSON
Acting Assistant Attorney General

KATHRYN E. KOVACS
MICHAEL T. GRAY
U.S. Department of Justice
Environment & Natural Resources
Division, Appellate Section
P.O. Box 23795 L'Enfant Plaza Sta.
Washington, D.C. 20026
(202) 305-4903

shops."). Again, the Army has already prepared an EIS to study those effects, and the Intervenors are currently challenging that EIS in another lawsuit.

The Intervenors also argue that the holding in *0.95 Acres of Land* that NEPA is not a defense to a condemnation action cannot be squared with this Court's decision in *Lathan v. Volpe*, 455 F.2d 1111 (9th Cir. 1971), and with case law that allows condemnation of land to be enjoined or set aside based on NEPA violations. Op. Br. at 33-35 & n.10. None of the cases cited by the Intervenors are condemnation actions; instead, they are NEPA challenges to some underlying action in which an injunction against the project, including an injunction against the condemnation of the lands involved, is sought.[4] *Id.* A court's ability to fashion an equitable remedy in a direct NEPA challenge to an agency action pursuant to the Administrative Procedure Act may include the ability to enjoin that action, including any condemnation of land to be undertaken as part of that action. That is not because the condemnation itself is a major federal action significantly affecting the environment, but instead because condemnation of land as part of a larger project may in certain instances limit the range of reasonable alternatives or constitute a commitment of resources towards the underlying project that would

---

[4] Indeed, none of the cases cited by the Intervenors involve a federal condemnation of land, and most instead involve state condemnations, with federal funding and approval requiring the NEPA analysis. *See, e.g., Volpe*, 455 F.2d at 1120-21; *Stockslager v. Carroll Elec. Coop. Corp.*, 528 F.2d 949, 953 (8th Cir. 1976); *Action for Rational Trans. v. West Side Highway Project*, 517 F. Supp. 1342, 1344-45 (S.D.N.Y. 1981); *Greenspon v. Federal Hwy. Admin.*, 488 F. Supp. 1374, 1377 (D. Md. 1980).

17

prejudice a subsequent NEPA analysis of the project. *See, e.g.*, 40 C.F.R. 1506.1; *National Audobon Society v. Dep't of the Navy*, 422 F.3d 174, 203 (4th Cir. 2005) ("The [Council on Environmental Quality] regulations and our own caselaw make clear that agency action prior to completing a sufficient environmental study violates NEPA only when it actually damages the environment or 'limits the choice of reasonable alternatives.' Rather than treat [the Project] as a single indivisible activity, the district court should have subdivided it to determine which of its component steps (either in isolation or in combination) would cause those harms and which would not.") (citations omitted). Thus, the question in a NEPA lawsuit, once a violation of NEPA has been found, is whether any part of the project—including condemnation—will prejudice the agency's environmental analysis in further violation of NEPA if it is allowed to proceed. *Id.* That is an appropriate question in a NEPA action, but it is an entirely different question from whether NEPA may be asserted as a defense to the condemnation itself because the condemnation is a major federal action significantly affecting the environment. This Court said in *0.95 Acres of Land* that NEPA is not a defense to a condemnation action, because condemnation is not a major federal action significantly affecting the environment, and the Intervenors have cited no case where any court has held otherwise.

The cases cited by the Intervenors thus demonstrate that the appropriate avenue for the relief they seek was in their NEPA lawsuit. They failed to move for

18

Intervenors to present their claims was wholly unnecessary because those claims could not have made any difference under binding Circuit precedent. Therefore, the district court did not abuse its discretion, and its order denying the motion to set aside the judgment should be affirmed.

## CONCLUSION

For the foregoing reasons, the district court's judgment and denial of the Rule 59(e) and 60(b) motion to set aside that judgment should be affirmed.

Respectfully submitted,

KELLY A. JOHNSON
Acting Assistant Attorney General


KATHRYN E. KOVACS
MICHAEL T. GRAY
U.S. Department of Justice
Environment & Natural Resources
Division, Appellate Section
P.O. Box 23795 l'Enfant Plaza Sta.
Washington, D.C. 20026
(202) 305-4903

33-12-276-11072
October 7, 2005