**BURBANK ANTI-NOISE GROUP, etc., et al., *Plaintiffs-Appellants*,**

**v.**

**Neil E. GOLDSCHMIDT,* etc., et al., Defendants-Appellees.**

**The State of California, acting by and through the Department of Transportation; Lockheed Air Terminal, Inc.; and Hollywood-Burbank Airport Authority, *Intervenors-Defendants-Appellees.***

**No. 78-2629.**

United States Court of Appeals, Ninth Circuit.

July 14, 1980.
Rehearing Denied Sept. 8, 1980.

Antinoise group sought to require preparation of environmental impact statement under National Environmental Policy Act before existing airport could be purchased with the aid of federal financial assistance. The United States District Court for the Central District of California, Irving Hill, J., entered adverse summary judgment, and antinoise group appealed. The Court of Appeals held that National Environmental Policy Act did not require FAA to prepare environmental impact statement concerning provision of federal financial assistance for the purchase of an existing airport.

Affirmed.

**1. Federal Courts ⇐724**

Although federal funds had already been distributed and title to airport transferred, appeal from district court judgment finding that preparation of environmental impact statement was not required before federal aid was given for purchase of airport was not rendered moot since actions involved could be undone.

**2. Health and Environment ⇐25.10(2)**

National Environmental Policy Act did not require FAA to prepare environmental impact statement concerning provision of federal financial assistance for the purchase of an existing airport. National Environmental Policy Act of 1969, § 102, 42 U.S.C.A. § 4332.

**3. Health and Environment ⇐25.10(2)**

Environmental impact statement under National Environmental Policy Act is not required when proposed federal actions will effect no change in the status quo. National Environmental Policy Act of 1969, § 102, 42 U.S.C.A. § 4332.

**4. Health and Environment ⇐25.10(6)**

Environmental impact statement required under National Environmental Policy Act need not discuss environmental effects of mere continued operations of a facility. National Environmental Policy Act of 1969, § 102, 42 U.S.C.A. § 4332.

---

Michael M. Berger, Santa Monica, Cal., for plaintiffs-appellants.

Donald M. Pach, Sacramento, Cal., for Hollywood-Burbank Airport Authority.

Peter R. Steenland, Jr., Dept. of Justice, Washington, D. C., argued for defendants-appellees; Edward J. Connor, Jr., Dept. of Transp., San Diego, Cal., on brief.

Appeal from the United States District Court For the Central District of California.

Before KILKENNY and CHOY, Circuit Judges, and EAST,** District Judge.

PER CURIAM:

Appellants Burbank Anti-Noise Group, et al., appeal the adverse summary judgment entered by the District Court on May 8, 1978, involving an interpretation of the National Environmental Policy Act (NEPA) as it applies to an agreement for the purchase

* We substitute the name Neil E. Goldschmidt, the successor to the original defendant Brock Adams as Secretary of Transportation, per Fed. R.App.P. 43.

** Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

of the Hollywood-Burbank Airport (Airport), owned by the Lockheed Air Terminal, Inc. (Lockheed), by the Hollywood-Burbank Airport Authority (Authority) with the aid of federal financial assistance to the Authority from the Federal Aviation Administration (FAA).

*Mootness Issue:*

During the course of the oral argument, the appellees raised the issue of mootness of the appeal, thereby questioning this Court's jurisdiction. *E. g., Preiser v. Newkirk,* 422 U.S. 395, 401–02, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975); *Local No. 8–6, Oil, Chemical and Atomic Workers International Union, AFL–CIO v. Missouri,* 361 U.S. 363, 367, 80 S.Ct. 391, 394, 4 L.Ed.2d 373 (1960); *Rosenfeld v. Southern Pacific Co.,* 444 F.2d 1219, 1221 (9th Cir. 1971).

[1] The parties were granted additional time to brief the issue which we first address. The appellees contend that the case is moot because the federal funds have already been distributed and title to the Airport transferred, and note that appellants did not seek an injunction pending appeal. They urge us to follow *Friends of the Earth, Inc. v. Bergland,* 576 F.2d 1377, 1379 (9th Cir. 1978), in which this Court held:

> "Where the activities sought to be enjoined have already occurred, and the appellate courts cannot undo what has already been done, the action is moot. *In Matter of Combined Metals Reduction Co.,* 557 F.2d 179 (9th Cir. 1977). This is especially so where, as here, no stay on appeal has been sought. *Id.* at 189."

*Friends of the Earth* does not govern this case, however, because the actions here can be undone. Unlike *Combined Metals Reduction Co.,* all parties to the transactions are before the Court. If appellants were to prevail on the merits of this appeal, this Court could remand with instructions to the District Court to order a transfer of the Airport title back to Lockheed and a return of the money to the FAA. *See Gonzales v. Costle,* 463 F.Supp. 335, 338 (N.D.Cal.1978). Nothing has transpired that has deprived this Court of the power to affect the rights of the litigants in this case. *Rosenfeld,* 444 F.2d at 1221. The issues on appeal are not moot.

*On the Merits.*

[2] We agree with the District Court that NEPA did not require the FAA to prepare an environmental impact statement (EIS) concerning federal financial assistance for the Airport acquisition. Because we hold that no EIS was necessary, we need not consider whether the EIS actually prepared by the FAA was adequate nor whether this suit is barred by collateral estoppel.

NEPA requires federal agencies to prepare an EIS for all "major Federal actions significantly affecting the quality of the human environment." 42 U.S.C. § 4332(2)(C).

> "An EIS must be prepared if 'substantial questions are raised as to whether a project . . . "may cause significant degradation of some human environmental factor."' *City of Davis v. Coleman,* 521 F.2d 661, 673 (9th Cir. 1975), *quoting Save Our Ten Acres v. Kreger,* 472 F.2d 463, 467 (5th Cir. 1973)." *City & County of San Francisco v. United States,* 615 F.2d 498, 500 (9th Cir. 1980).

[3, 4] An EIS is not required, however, when the proposed federal action will effect no change in the status quo. *Committee for Auto Responsibility v. Solomon,* 603 F.2d 992, 1001–03 (D.C.Cir.1979). An EIS need not discuss the environmental effects of mere continued operation of a facility. *Westside Property Owners v. Schlesinger,* 597 F.2d 1214, 1217–18 (9th Cir. 1979). *In Borough of Fairfield v. Coleman,* 8 ERC 1518, 1521 (D.C.N.J.1975), *aff'd without opinion,* 532 F.2d 745 (3d Cir. 1976), a case almost identical to this one, the Court held "as a matter of law that no Environmental Impact Statement is required for the act of financing the acquisition of an existing airport." The following language is clearly analogous to the present case:

> "The only aim here is the preservation of the status quo. No further development is encompassed within the framework of the Grant Agreement *sub judice.* In fact, as the defendants point out, any

further development of the airport without first amending and altering the existing Airport Layout Plan is precluded under 14 C.F.R. § 152.5(a)." *Id.*

A similar result was reached in the recent case of *City & County of San Francisco v. United States*, 615 F.2d 498 (9th Cir. 1980). In that case, this Court held that no EIS was required for the Navy to lease its shipyard to a private ship repair company, despite a two year period of inactivity prior to the transfer. No modifications were allowed that would interfere with the Navy's reuse at some time in the future. The Court stated:

"It was not unreasonable to regard the leasing of the yard as a phase in an essentially continuous activity. In these circumstances the Navy was not required to evaluate the environmental consequences of the lease as if the Navy were proposing to establish this multi-million dollar industrial complex for the first time." 615 F.2d at 501.

Although adverse impact was acknowledged from reactivation of the shipyard, the Court held that the agency had reasonably concluded that the lease would not result in significant deterioration of the environment. The conclusion that no EIS is required is certainly compelled in the present case since the evidence of record and applicable law show that there will be no deterioration from the current state of the environment.[1]

This case simply does not present the type of situation NEPA was intended to address.

"To compel [the agency] to formulate an EIS under these circumstances would trivialize NEPA's EIS requirement and diminish its utility in providing useful environmental analysis for major federal actions that truly affect the environment." *Committee for Auto Responsibility*, 603 F.2d at 1003.

The summary judgment of the District Court is AFFIRMED.




**Samuel CONERLY, Plaintiff-Appellant,**

**v.**

**WESTINGHOUSE ELECTRIC CORP. et al., Defendants-Appellees.**

**No. 77-3909.**

United States Court of Appeals,
Ninth Circuit.

July 14, 1980.

Former employee sued former employer for employment discrimination under the Civil Rights Act of 1866. The United States District Court for the Northern District of California, Robert H. Schnacke, J., dismissed and former employee appealed. The Court of Appeals, J. Blaine Anderson, Circuit Judge, held that the statute of limitations could not be tolled until the former

1. California Government Code Section 6546.1, which authorized the creation of the Hollywood-Burbank Airport Authority, provides:

"In operating the airport, the separate public entity above mentioned shall not permit or authorize any activity in conjunction with the airport which results in an increase of the size of the noise impact area based on a community noise equivalent level of 70 decibels as established pursuant to Title 21, California Administrative Code, Chapter 2.5, Subchapter 6, and shall further comply with the future community noise equivalent levels prescribed by such title as it now exists or is hereafter amended.

"The separate public entity shall not authorize or permit the lengthening of runways defined herein as the paved portions of the runways presently on airport property, or the purchase of fee title to condemned real property zoned for residential use as of the effective date of this statute."

Burbank City Council Resolution 17390 prohibits capital improvements if they would increase existing noise levels. The joint powers agreement of the Cities of Burbank, Glendale, and Pasadena for the formation of the Authority and the grant agreement with the FAA similarly preclude any increase in noise levels.