FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV _ _ _

at _9_ o'clock and ___min _P_ M
WALTER A.Y.H. CHINN, CLERK

EDWARD H. KUBO, JR.      (2499)
United States Attorney
District of Hawai'i
HARRY YEE        (3790)
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawai'i 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
Email: harry.yee@usdoj.gov

THOMAS L. SANSONETTI, Assistant Attorney General
BARRY A. WEINER, Trial Attorney
General Litigation Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Telephone No.: (202) 305-0469
Fax No.: (202) 305-0274
Email: Barry.Weiner@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| 'ĪLIO'ULAOKALANI COALITION, a Hawai'i nonprofit corporation; NĀ 'IMI PONO, a Hawai'i unincorporated association; and KĪPUKA, a Hawai'i unincorporated association,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DONALD H. RUMSFELD, Secretary of Defense; and LES BROWNLEE, Acting Secretary of the United States Department of the Army,<br><br>　　　　Defendants. | Civil No. 04-00502 DAE BMK<br><br>JOINT STIPULATION AND ORDER TO RESOLVE THE NEED FOR CERTAIN DISCOVERY UNTIL AFTER A DECISION ON THE MERITS IS REACHED |

JOINT STIPULATION AND ORDER TO RESOLVE
THE NEED FOR CERTAIN DISCOVERY UNTIL
AFTER A DECISION ON THE MERITS IS REACHED

WHEREAS, in this action, plaintiffs 'Ilio'ulaokalani Coalition, Nā 'Imi Pono and Kīpuka challenge defendants' decision to transform the 2nd Brigade of the 25th Infantry Division (Light) to a Stryker Brigade Combat Team ("SBCT") in Hawai'i, claiming that defendants violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 et seq.;

WHEREAS, defendants Secretary of Defense Donald H. Rumsfeld and Acting Secretary of the United States Department of the Army Les Brownlee contend that judicial review of a challenge under NEPA is afforded by the Administrative Procedure Act, which generally confines judicial review, with limited exceptions, to the administrative record that was before the agency at the time the challenged decision was made, and that, accordingly, discovery in this matter is improper;

WHEREAS, plaintiffs contend that there is no administrative record for the remedy phase of the case, and, thus, should the Court rule on the merits that defendants violated NEPA, discovery is appropriate to give plaintiffs an opportunity to bring relevant information to the Court's attention as it considers the appropriate scope of permanent injunctive relief;

2

WHEREAS, plaintiffs served two deposition notices dated November 10, 2004, seeking discovery regarding the remedy phase of this case from two Army employees, Peter B. Bechtel, the Army's Deputy Chief of the Warplans Division, and Robert P. Swan, Director of the Army Transformation Office; and

WHEREAS, while the parties disagree on the need for or propriety of such discovery in this matter, they have conferred and agreed to defer any request for or objection to discovery on the appropriate remedy according to the terms of this stipulation;

NOW THEREFORE, the parties agree to the following terms:

1. Resolution of the merits of plaintiffs' NEPA challenge is bifurcated from the determination of the appropriate remedy should the Court find a NEPA violation. The parties' cross-motions for summary judgment, scheduled for hearing on February 22, 2005, at 9:00 a.m., shall focus solely on whether defendants violated NEPA, leaving issues related to remedy to a later date, should the Court find a NEPA violation.

2. Plaintiffs withdraw the deposition notices for Peter B. Bechtel and Robert P. Swan, dated November 10, 2004.

3. Plaintiffs will not propound discovery regarding the remedy phase of the case until after the Court decides the merits of plaintiffs' NEPA challenge. Plaintiffs reserve the right to propound discovery regarding other matters, and defendants reserve the right to object to discovery requests made at any point

during this case, including discovery on the appropriate scope of permanent injunctive relief.

4.   If the Court finds that defendants violated NEPA, defendants shall refrain from implementing, executing or proceeding with the following activities associated with the transformation of the 2nd Brigade of the 25th Infantry Division (Light) to an SBCT in Hawai'i: grading, grubbing, other ground disturbance, construction, land acquisition, project design, geotechnical testing, unexploded ordnance clearance, contract award, and SBCT-specific training (as defined in paragraph 5). Defendants shall refrain from implementing, executing or proceeding with these transformation-related activities until the Court has ruled on whether a permanent injunction should issue and, if so, its scope.

5.   "SBCT-specific training" is defined as that training specifically intended to familiarize Soldiers with the Stryker combat vehicle and is not intended to limit in any way the ability of the Army to train and qualify Soldiers on and with weapons systems not mounted on Stryker combat vehicles. In addition, the restriction on Stryker-specific training set forth in paragraph 4 is not intended to limit the Army from providing training to Soldiers that familiarizes them with the Stryker combat vehicle in a classroom or computer simulation setting, nor is it intended to prevent the Army from entering into negotiations over non-SBCT-specific training of Soldiers at Mākua Military Reservation or other locations not located on Schofield Barracks Military Reservation.

4

6. If the Court finds that defendants have violated NEPA, the parties agree to proceed to the remedy phase as quickly as reasonably possible consistent with the Court's schedule and with allowing the parties a reasonable time to resolve any disputes regarding discovery related to permanent injunctive relief.

7. The parties have negotiated and executed this Joint Stipulation in good faith in order to minimize litigation on whether discovery is appropriate in this action and to avoid the need to file a motion to quash the deposition notices served upon Mr. Bechtel and Mr. Swan. This Joint Stipulation does not and will not constitute an admission on whether discovery should be permitted in this action or with respect to any allegation made by any party. No provision of this Joint Stipulation is intended to preclude the Army from pursuing transformation activities if the Court finds in defendants' favor on the merits.

8. This Joint Stipulation is the entire agreement between the parties regarding this matter. All prior conversations, meetings, discussions, drafts, and writings of any kind are specifically superseded by this Joint Stipulation.

9. The parties agree to represent to the public that this Stipulated Order is solely for the orderly administration of this litigation and not for any other purpose. The parties will not issue a press release or media advisory, or otherwise initiate comment concerning this Stipulated Order to the news media.

10. The undersigned counsel hereby certify that they are fully authorized to enter into and execute this Joint Stipulation on behalf of each representative

5

party and to legally bind such party, its successor(s) or assign(s), and any other party acting on its behalf, to this Joint Stipulation.

Respectfully submitted this 19th day of November, 2004

        EDWARD H. KUBO, JR.
        United States Attorney
        District of Hawai'i

        _____
        HARRY YEE    (3790)
        Assistant U.S. Attorney
        Room 6-100, PJKK Federal Bldg.
        300 Ala Moana Boulevard
        Honolulu, Hawai'i 96850

        BARRY A. WEINER
        Trial Attorney
        General Litigation Section
        Environment & Natural Resources Division
        U.S. Department of Justice
        P.O. Box 663
        Washington, D.C. 20044-0663

        Attorneys for Defendants Donald H. Rumsfeld, Secretary of Defense, and Les Brownlee, Acting Secretary of the United States Department of the Army

        _____
        DAVID L. HENKIN
        Earthjustice
        223 S. King Street, Suite 400
        Honolulu, Hawaii 96813

        Attorney for Plaintiffs 'Īlio'ulaokalani Coalition, Nā 'Imi Pono and Kīpuka

APPROVED AND SO ORDERED

Dated: **NOV 2 2 2004**

**BARRY M. KURREN**
---
JUDGE OF THE ABOVE-ENTITLED COURT

---
'Īlio'ulaokalani Coalition, et al. v. Donald H. Rumsfeld, et al., Civil No. 04-00502 DAE BMK (D. Haw.); JOINT STIPULATION AND ORDER TO RESOLVE THE NEED FOR CERTAIN DISCOVERY UNTIL AFTER A DECISION ON THE MERITS IS REACHED