# Declaration of Laurie Lucking

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ILIO'ULAOKALANI COALITION, a Hawaii, nonprofit corporation; NA IMI PONO, a Hawaii unincorporated association; and KIPUKA, a Hawaii unincorporated association,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD H. RUMSFELD, Secretary of United States Department of Defense; and LES BROWNLEE, Acting Secretary of the United States Department of the Army,<br><br>Defendants. | CIVIL NO.04-00502 DAE BMK<br><br>DECLARATION OF LAURIE LUCKING<br><br><br><br><br>Hearing:<br>Date: November 20, 2006<br>Time: 9:45 AM<br>Judge: Hon. David A. Ezra |

I, Dr. Laurie Lucking, hereby declare that:

1. I am the Cultural Resources Manager for the 25th Infantry Division (Light) and U.S. Army, Hawaii, Schofield Barracks, Oahu, Hawaii. I have served in this position since 14 September 1995. I received my PhD in 1984 from the University of Minnesota. I have 33 years of experience as an anthropologist/archeologist, including 32 years of working with and studying Pacific cultures, and have been employed by the U.S. government in that role since 1988. I am responsible for overseeing compliance with cultural resource obligations pertaining to the transformation of the 2nd Brigade 25th Infantry Division ("2/25") to a Stryker Brigade Combat Team ("SBCT").

2. I have reviewed the declaration submitted by Kamoa Quitevis dated November 17, 2006. While there is not enough time to address all of the inaccuracies in his statement, I would like to address some of these points.

3.      Mr. Quitevis indicates that the Army's approach to monitoring for the Tactical Vehicle Wash project was contrary to the Programmatic Agreement. That is simply not true. The Army consulted on 3 separate occasions regarding the Tactical Vehicle Wash project (see Exhibits C, D and E). Two of these consultations (Exhibits D and E) specifically addressed the Army's plan for on-call monitoring due to the lack of cultural resources within the construction footprint. The State Historic Preservation Office (Exhibit I) specifically concurred with the Army's approach. No consulting parties expressed any objections to the Army's plan.

4.      Mr. Quitevis also indicates that cultural monitors had no opportunity to inspect the Motor Pool projects. Again, the army consulted on this project on 3 separate occasions. (Exhibits C, D, and G). Both the Office of Hawaiian Affairs (Exhibit H) and the State Historic Preservation Office (Exhibit F & I) specifically concurred with the Army's plan for on-call monitoring due to the lack of cultural resources within the construction footprint. No consulting parties expressed any objections to the Army's plan. Additionally, archeological and cultural monitors were present during geotechnical testing conducted at the Motor Pool.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

_____          _November 20, 2006_____
DR. LAURIE LUCKING                                          DATE