```
                                                                    1

 1             IN THE UNITED STATES DISTRICT COURT FOR THE

 2                        DISTRICT OF HAWAII

 3   'ILIO'ULAOKALANI COALITION,   )  CIVIL NO. 04-00502DAE
     a Hawaii nonprofit            )
 4   corporation; NA 'IMI PONO, a  )
     Hawaii unincorporated         )
 5   association; and KIPUKA, a    )
     Hawaii unincorporated         )
 6   association,                  )
                  Plaintiffs,      )  Honolulu, Hawaii
 7                                 )  December 18, 2006
          vs.                      )  9:51 a.m.
 8                                 )
     DONALD H. RUMSFELD, Secretary )  ORAL ARGUMENT
 9   of Defense; and Les Brownlee, )
     Acting Secretary of the U.S.  )
10   Department of the Army,       )
                  Defendants.      )
11   _____)

12                   TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE DAVID ALAN EZRA,
13                  UNITED STATES DISTRICT JUDGE

14   APPEARANCES:

15   For the Plaintiffs:       DAVID L. HENKIN, Esq.
                               Earthjustice
16                             223 South King Street, Suite 400
                               Honolulu, Hawaii 96813
17

18   For the Defendants:       HARRY YEE, Esq.
                               Assistant U.S. Attorney
19                             Office of the U.S. Attorney
                               PJKK Federal Building
20                             300 Ala Moana Blvd., Rm. 6-100
                               Honolulu, Hawaii 96850
21
                               JAMES D. GETTE, Esq.
22                             Trial Attorney
                               U.S. Department of Justice
23                             Environment & Natural Resources
                                Division
24                             General Litigation Section
                               P.O. Box 663
25                             Washington, D.C.  20044-0663
```


EXHIBIT 8

```
 1   APPEARANCES (Continued):

 2   For the Defendants:        MARK J. KATKOW, Esq.
                                Attorney-Adviser
 3                              ELENA ONAGA, Esq.
                                Attorney-Adviser
 4                              Office of the Staff Judge
                                   Advocate
 5                              25th Infantry Division (L) &
                                   U.S. Army Hawaii
 6                              Bldg. 178; Stop 126
                                Fort Shafter, Hawaii 96858
 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20   Official Court Reporter:   Cynthia Fazio, RMR, CRR
                                United States District Court
21                              P.O. Box 50131
                                Honolulu, Hawaii  96850
22

23

24
     Proceedings recorded by machine shorthand, transcript produced
25   with computer-aided transcription (CAT).
```

1  kind of preempt what I'm sure will be a request for rebuttal,
2  they would argue that they have 28 important projects to go
3  forward with and that they went up to the Ninth Circuit
4  believing each and every one of those 28 projects was
5  essential.  That as a result of the ruling by the Ninth
6  Circuit, which they obviously disagree with but nonetheless are
7  bound by, that they have pared this down to only five projects
8  that they're asking to go forward with.
9          So, their -- their argument is going to be that they
10 have made a significant concession to the ruling and they're
11 not coming back here suggesting to this court that I ought to
12 allow each one of these 28 projects to go forward on national
13 security grounds on the basis that somehow the sliding scale,
14 which by the way still applies in this case, that's regardless
15 of what stage of the proceedings we're on.  In the Ninth
16 Circuit this court must apply a sliding scale in determining
17 whether an injunction is appropriate.  That is, the likelihood
18 of success on the merits versus the degree of the irreparable
19 harm.  And their argument is that they've -- and I'm asking you
20 this because I want you to address it.
21         MR. HENKIN:  Sure.
22         THE COURT:  Just as I had something I wanted them to
23 address.  That they've pared this down to just five projects.
24         MR. HENKIN:  My first response with respect to the
25 paring down, and I might add it's five construction projects

```
 1    plus training.  And we went at great lengths in our briefs to
 2    attach all of the discovery responses that define with
 3    particularity what that training is because our first response
 4    to Your Honor's question is, obviously everything that is not
 5    on that list of allegedly critical actions should continue to
 6    be enjoined.  And to the extent that this court allows any
 7    Stryker training to proceed, and we did indicate some limited
 8    training that we --
 9            THE COURT:  No, I don't think that -- look, there's
10    absolutely no question about it, Mr. Henkin, to the extent that
11    the Army has not come forward on the projects that they have
12    said they are not asking this court to allow them as a matter
13    of necessity to move forward with, the Ninth Circuit's
14    injunction will remain in place unless otherwise lifted.  They
15    would have to come back to this court or to the Ninth Circuit
16    if appropriate, depending upon where we are --
17            MR. HENKIN:  Yes, Your Honor.
18            THE COURT:  -- to get that injunction lifted.  So they
19    have effectively abandoned for the immediate future, not for
20    the purposes of this entire case, but for the purposes of this
21    proceeding, any argument that this court ought to allow them to
22    go forward with any of those projects other than the five.
23            So to the extent, and I think this has to be
24    understood, to the extent that the Army has not asked to move
25    forward with 23 of the 28 projects, those projects will not
```

```
 1   move forward.
 2           MR. HENKIN:  Yes, Your Honor, I appreciate that.  We
 3   believe it's also and we would respectfully ask the court to
 4   order with specificity based on the information --
 5           THE COURT:  Oh, my order will be specific.
 6           MR. HENKIN:  Okay.  Because, for example, at
 7   Pohakuloa, in the category of training, which as you may recall
 8   when we came before you in November, they just said we want
 9   these projects plus training.  And then we said:  Well, what
10   training?  They excluded in their responses any training at any
11   of the 24,000 acres purchased from Parker Ranch, they excluded
12   any training in very sensitive habitat at Pohakuloa, and that's
13   good that they don't believe that that's necessary because
14   otherwise a lot of endangered species would be imperiled.
15           So when the court -- and we've been careful to assume
16   that what they mean by "training" is specifically what they
17   have disclosed is necessary.  But everything else should be
18   enjoined.
19           THE COURT:  Well, this court doesn't have jurisdiction
20   over United States Army training which has nothing to do with
21   with the Stryker Brigade.
22           MR. HENKIN:  This is Stryker training, Your Honor,
23   that was disclosed in EIS as part of the overall project --
24           THE COURT:  To the extent that the 25th Infantry
25   Division or somebody else is out there training and that has
```

```
 1   nothing to do with Stryker, that's not part of this case if it
 2   doesn't have anything to do with Stryker.
 3           MR. HENKIN:  I guess I'd respectfully disagree with
 4   respect to the 24,000 acres that were purchased specifically as
 5   part of Stryker training.  With respect to the rest of
 6   Pohakuloa --
 7           THE COURT:  I'm not talking about that.
 8           MR. HENKIN:  Okay.
 9           THE COURT:  I'm talking about the other areas where
10   they have been training previously.
11           MR. HENKIN:  Yes, Your Honor.  Now, back to your
12   question.  They've pared things down from the entirety down to
13   specific projects and specific training.  That helps the
14   parties and the court focus on the appropriate scope of
15   injunctive relief.  And I guess if we were in a bargaining
16   session, parties, as they often do, would look at the
17   litigation risk and figure out how much they're going to give.
18           But in terms of this court because --
19           THE COURT:  In my -- in my dreams, Mr. Henkin --
20           MR. HENKIN:  It is a matter of public record --
21           THE COURT:  -- that the parties -- that the parties
22   could resolve this other than my making a decision, but I'm
23   afraid not.
24           MR. HENKIN:  Well, Your Honor, it is a matter of
25   public record that we have asked them to have that opportunity
```

```
 1                COURT REPORTER'S CERTIFICATE
 2
 3        I, CYNTHIA FAZIO, Official Court Reporter, United
 4   States District Court, District of Hawaii, Honolulu, Hawaii, do
 5   hereby certify that the foregoing pages numbered 1 through 91
 6   is a correct transcript of the proceedings had in connection
 7   with the above-entitled matter.
 8
          DATED at Honolulu, Hawaii, January 5, 2007.
 9
10
11                         /s/ Cynthia Fazio
                         CYNTHIA FAZIO, RMR, CRR
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```