IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ʻĪLIOʻULAOKALANI COALITION, a Hawaiʻi nonprofit corporation; NĀ ʻIMI PONO, a Hawaiʻi unincorporated association; and KĪPUKA, a Hawaiʻi unincorporated association,<br><br>　　　Plaintiffs,<br><br>　　vs.<br><br>DONALD H. RUMSFELD, Secretary of Defense; and FRANCIS J. HARVEY, Secretary of the United States Department of the Army,<br><br>　　　Defendants.<br>_____ | CV NO 04-00502 DAE BMK |

ORDER DENYING PLAINTIFFS' MOTION TO CLARIFY
DECEMBER 29, 2006 ORDER SETTING INTERIM INJUNCTION

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the evidence and the supporting and opposing memoranda, and for the reasons set forth below, the Court DENIES Plaintiffs' motion to clarify the interim injunction.

On January 12, 2007, Plaintiffs filed a Motion to Clarify December 29, 2006 Order Setting Interim Injunction. Plaintiffs assert that the injunction is ambiguous with respect to the Stryker Brigade Combat Team ("SBCT") training

with which the Army can proceed.  Plaintiffs request that this Court amend the injunction to define with greater specificity the exact type of SBCT training that can occur and the areas in which the Army may conduct such training.  Plaintiffs argue that because this Court used the term "including, but not limited to," in setting forth the training that can proceed, it authorized the Army to go forward with training activities that the Army had not claimed were time-critical, in contravention of the Ninth Circuit's directive that this Court determine which activities were time sensitive.  Plaintiffs assert that the Army identified time-critical SBCT training in various discovery responses and that the Army should be limited to the training specified in those responses.[1]  This Court disagrees.

After the Ninth Circuit's decision, the Army sought to move forward with six specific construction projects in addition to SBCT training.  The Army did not parcel out certain types of training, in certain areas.  Instead, the Army argued, and this Court found, that the requested SBCT training was absolutely necessary and time-critical.  Plaintiffs did not dispute that SBCT training in general was in fact time-critical.  (See Order Setting Interim Inj. at 8, 9, 11, 14) ("It is undisputed that [new equipment] training is essential to transforming [the 2nd Brigade of the

---

[1] On February 13, 2007, the Army filed an opposition to Plaintiffs' motion, and Plaintiffs filed a reply on February 26, 2007.

25th Infantry ("2/25")] to a SBCT, essential to soldier safety and time-critical"; "it is undisputed that [soldier and unit level] training is necessary for 2/25's deployment to Iraq as a SBCT, and most importantly, for safety related purposes. It is also undisputed that this training is time-critical"; "Plaintiffs do not dispute that [QTR1] training is essential and time-critical if 2/25 is going to be transformed to a SBCT."; "Plaintiffs do not dispute the necessity for training at the [yet to be completed] UAC." ).

Indeed, Plaintiffs only objected to certain aspects of SBCT training, such as use of specific ammunition, weapons, or areas where training would be conducted, arguing that it would cause harm to certain environmental or cultural resources. (See Order Setting Interim Inj. at 26.) This Court carefully analyzed each of Plaintiffs' claims and determined whether or not irreparable harm would result from the specific training that Plaintiffs sought to enjoin. Once that determination was made, this Court found that the Army could proceed with SBCT training, but had to take certain mitigation measures. To find otherwise would put the soldiers of the 2/25 in jeopardy as they would be deployed without having complete training, a harm which this Court found heavily outweighed the mitigated potential harm to environmental or cultural resources.

3

Furthermore, Plaintiffs had the Army's responses to their discovery requests prior to filing their supplemental memorandum on the issue of the interim injunction. If Plaintiffs believed that the Army should only be allowed to proceed with certain types of training in certain areas, or that certain aspects of SBCT training were not time-critical, as they now argue, they could have made that argument in their supplemental brief. Plaintiffs, however, did not do so.

Nevertheless, this Court believes that the interim injunction complies with the Ninth Circuit's directive that this Court determine which SBCT transformation-related activities are time-critical, since this Court found that the activity of training, as a whole, is time-critical. Moreover, this Court purposefully chose the words "including, but not limited to," when discussing the training, to avoid a situation that Plaintiffs now seek to impose, e.g., the Court's micro-management of time-sensitive combat training. As noted in the interim injunction order, this Court must give great deference to the military in their decisions as to which training is appropriate to best accomplish their mission, and thus, micro-management by this Court of how many hours of training may occur, how many rounds may be fired, the exact areas that can be used, is inappropriate. See Gilligan v. Morgan, 413 U.S. 1, 10-11 (1973) (noting that "[t]he complex subtle, and professional decisions as to the composition, training, equipping, and control

of a military force are essentially professional military judgments, subject always to civilian control of the Legislative and Executive Branches," and thus should be left to the political branches directly responsible to the electoral process, and not to the judiciary.)

This Court takes seriously the Supreme Court's mandate not to attempt to direct and micro-manage the type of training necessary to ensure American soldiers the highest likelihood of completing their mission and surviving combat. The Army stepped away from the vast majority of SBCT transformation-related activities that they had originally sought to pursue and responsibly (in light of the Ninth Circuit's decision) elected to proceed with only the most essential combat training and projects needed to reduce the risk of death and injury to the 2/25 soldiers. (See Order Setting Interim Inj. at 6) (noting that of the 28 projects deemed necessary to transform the 2/25 to a SBCT, the Army has sought to only move forward with six projects at this time). Added to that, this Court placed upon the Army significant additional mitigation measures to reduce possible harm to the environment or to cultural resources. To do what the Plaintiffs now request would essentially shut down SBCT training for these soldiers and send them into combat only partially trained. Given the relatively short time left before training is completed and the troops deployed, and the severe cut back in training currently in

place, as mandated by the Ninth Circuit's injunctive order and the mitigating actions ordered by this Court, no further restrictions can be placed upon current training. The certain harm to young American soldiers that would result so far outweighs the mitigated potential harm to the environment or cultural resources that this Court will not order further training restrictions.

Accordingly, Plaintiffs' motion to clarify the interim injunction to further limit the type of SBCT training that the Army can engage in is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 1, 2007.



David Alan Ezra
United States District Judge

ʻĪLIOʻULAOKALANI COALITION, et al. v. DONALD H. RUMSFELD, et al., CV NO 04-00502 DAE BMK; ORDER DENYING PLAINTIFFS' MOTION TO CLARIFY DECEMBER 29, 2006 ORDER SETTING INTERIM INJUNCTION