EDWARD H. KUBO, JR.   (2499)
United States Attorney
District of Hawai`i
HARRY YEE   (3790)
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawai`i  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
Email: harry.yee@usdoj.gov

MATTHEW J. MCKEOWN
Acting Assistant Attorney General
JAMES D. GETTE
BARRY A. WEINER
Trial Attorneys
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 663
Washington, D.C.  20044-0663
Telephone: (202) 305-1461
Facsimile:  (202) 305-0274
Email: james.gette@usdoj.gov

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ILIO'ULAOKALANI COALITION, a Hawaii, nonprofit corporation; NA'IMI PONO, a Hawaii unincorporated association; and KIPUKA, a Hawaii unincorporated association, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>ROBERT M. GATES, Secretary of United States Department of Defense; and FRANCIS J. HARVEY, Secretary of the United States Department of the Army, <br><br>　　　　Defendants. | CIVIL NO. 04-00502 DAE BMK <br><br> MOTION FOR CLARIFICATION; EXHIBITS "A" - "B"; CERTIFICATE OF SERVICE |

## MOTION FOR CLARIFICATION

On March 13, 2007, counsel for Defendants contacted Plaintiffs' counsel to discuss timing for submission of progress reports necessitated by the Court's December 29, 2006 Order Setting Interim Injunction. In that telephone conversation, Plaintiffs' counsel also raised an issue regarding a hypothetical change in the training conducted by the Army and whether such a hypothetical change would require Defendants to supplement discovery responses previously served in this case. Counsel for Defendants indicated that it did not seem necessary or appropriate to opine on a vague hypothetical, but assured Plaintiffs' counsel that Defendants intended to meet any applicable obligations under the Federal Rules of Civil Procedure. See Ex. A (03/13/07 Henkin E-mail).

Following this telephone conversation, Plaintiffs' counsel apparently contacted Judge Kurren's chamber ex-parte regarding an alleged "discovery supplementation issue" and was instructed that the parties must submit simultaneous letter briefs to the Judge Kurren by March 14, 2007. Id. To date, however, Defendants have received no written explanation of the alleged "discovery supplementation issue" beyond these three vague words. In addition, in previous conversations, Plaintiffs' counsel has been unable to articulate any true conflict between the positions of the parties. In short, Federal Defendants have not received competent notice of what issues they might address if they were required to submit simultaneous briefs.

Given that Defendants, through counsel, have consistently communicated their intention to abide by any applicable obligations under the Federal Rules of Civil Procedure, it does not appear that any true controversy exists that requires the Court's attention or intervention.  Ex. B (03/08/07 Weiner E-mail).  Indeed, having lost their recent motion for "clarification" of the Court's injunction, this appears to be nothing more than the next step in Plaintiffs' deliberate strategy of dragging Defendants through a never-ending battle of motions that Plaintiffs hope will ultimately force onto Defendants additional obligations and restrictions which the Court has already denied.  Requiring Defendants to jump through Plaintiffs' never-ending series of hoops in a case where Defendants have fully responded to Plaintiffs' discovery requests, have successfully defended a motion for a more expansive injunction order, and have successfully opposed a motion to clarify the Court's injunction order, would result in Plaintiffs' have multiple bites at the same proverbial apple.

Indeed, it appears that the current injunction order fully disposes of this case.  The merits of Plaintiffs' claims have now been fully adjudicated by this Court, addressed by the Ninth Circuit, and then remanded to this Court, for remand to Federal Defendants for further NEPA compliance.  That NEPA compliance is underway.  In the meantime, this Court subsequently entered an order which defines the limits of Defendants' actions pending full compliance with NEPA.  Other than Plaintiffs' pending appeal of that order, nothing else presently remains of this case.

Given the posture of the case, it is not at all clear that the Court retains jurisdiction to do anything more than enforce its injunction and monitor the reporting that is required under its injunction order.  As such, the Magistrate Judge may not possess an appropriate referral from the Court to consider further discovery challenges, particularly vague and undefined challenges.

To force Defendants to submit a simultaneous brief on an issue that does not even appear to be in dispute, which has never been fully explained to Defendants' counsel, and over which the Magistrate Judge may not have jurisdiction, would prevent Defendants from having a "full opportunity . . . to present their positions. . ." as required by Local Rule 37.1(c)(1).  Since Plaintiffs are seeking an advisory opinion on the parties' future obligations based upon a hypothetical situation and there appears to be no real dispute among the parties, Defendants submit that there is no need for any judicial intervention at this time.  At a minimum, Defendants are entitled to receive written notice of the alleged dispute through a duly filed motion before being required to submit a brief in response and should be provided a reasonable opportunity to respond after receiving appropriate notice of the issues being leveled against them.

Accordingly, Federal Defendants respectfully request that the Court clarify that Federal Defendants are not required to submit a "letter brief" or other moving paper at this time, unless and until Plaintiffs seek to join issues for decision by the Court through duly filed and served motions papers.  Also, to

4

the extent Plaintiffs maintain they have a right to further discovery in this case, they should be required to move the Court for leave to resume discovery, and Federal Defendants should be afforded an opportunity to respond to Plaintiffs' motion.

                                            Respectfully submitted,

                                            EDWARD H. KUBO, JR.
                                            United States Attorney
                                            District of Hawai`i

                                            /s/ Edric M. Ching for
                                            _____
                                            HARRY YEE (3790)
                                            Assistant United States Attorney

                                            MATTHEW J. MCKEOWN
                                            Acting Assistant Attorney General

                                            JAMES D. GETTE
                                            BARRY A.  WEINER
                                            Trial Attorneys
                                            Natural Resources Section
                                            Environment & Natural Resources
                                            Division

Of Counsel:
Robert M. Lewis, Senior Trial Attorney
Army Environmental Law Division
901 North Stuart Street, Suite 400
Arlington, VA 22203
Telephone: 703-696-1567
Facsimile: 703-696-2940

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| 'ILIO'ULAOKALANI COALITION, a Hawai'i nonprofit corporation; NA 'IMI PONO, a Hawai'i unincorporated association; and KIPUKA, a Hawai'i unincorporated association,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>DONALD H. RUMSFELD, Secretary of Defense; and FRANCIS J. HARVEY, Secretary of the United States Department of the Army,<br><br>　　　　　Defendants. | CIVIL NO. 04-00502 DAE-BMK<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

　　David L. Henkin　　dhenkin@earthjustice.org

　　Isaac H. Moriwake　　imoriwake@earthjustice.org

　　Attorneys for Plaintiffs

DATED: March 14, 2007, at Honolulu, Hawaii.

　　　　　　　　　　/s/ Edric M. Ching for
　　　　　　　　　　Harry Yee