EDWARD H. KUBO, JR.  (2499)
United States Attorney
District of Hawai`i
HARRY YEE  (3790)
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawai`i  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
Email: harry.yee@usdoj.gov

MATTHEW J. MCKEOWN
Acting Assistant Attorney General
JAMES D. GETTE
BARRY A. WEINER
Trial Attorneys
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 663
Washington, D.C.  20044-0663
Telephone: (202) 305-1461
Facsimile:  (202) 305-0274
Email: james.gette@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 19 2007

at _8_ o'clock and _____min. ___M
SUE BEITIA, CLERK

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ILIO'ULAOKALANI COALITION, a Hawaii, nonprofit corporation; NA'IMI PONO, a Hawaii unincorporated association; and KIPUKA, a Hawaii unincorporated association, | CIVIL NO. 04-00502 DAE BMK <br><br> MOTION FOR CLARIFICATION; EXHIBITS "A" - "B"; CERTIFICATE OF SERVICE |
|     Plaintiffs, | |
|   v. | |
| ROBERT M. GATES, Secretary of United States Department of Defense; and FRANCIS J. HARVEY, Secretary of the United States Department of the Army, | |
|     Defendants. | |

## MOTION FOR CLARIFICATION

On March 13, 2007, counsel for Defendants contacted Plaintiffs' counsel to discuss timing for submission of progress reports necessitated by the Court's December 29, 2006 Order Setting Interim Injunction.  In that telephone conversation, Plaintiffs' counsel also raised an issue regarding a hypothetical change in the training conducted by the Army and whether such a hypothetical change would require Defendants to supplement discovery responses previously served in this case.  Counsel for Defendants indicated that it did not seem necessary or appropriate to opine on a vague hypothetical, but assured Plaintiffs' counsel that Defendants intended to meet any applicable obligations under the Federal Rules of Civil Procedure.  See Ex. A (03/13/07 Henkin E-mail).

Following this telephone conversation, Plaintiffs' counsel apparently contacted Judge Kurren's chamber ex-parte regarding an alleged "discovery supplementation issue" and was instructed that the parties must submit simultaneous letter briefs to the Judge Kurren by March 14, 2007.  Id.  To date, however, Defendants have received no written explanation of the alleged "discovery supplementation issue" beyond these three vague words.  In addition, in previous conversations, Plaintiffs' counsel has been unable to articulate any true conflict between the positions of the parties.  In short, Federal Defendants have not received

competent notice of what issues they might address if they were
required to submit simultaneous briefs.

Given that Defendants, through counsel, have consistently
communicated their intention to abide by any applicable
obligations under the Federal Rules of Civil Procedure, it does
not appear that any true controversy exists that requires the
Court's attention or intervention.  Ex. B (03/08/07 Weiner E-
mail).  Indeed, having lost their recent motion for
"clarification" of the Court's injunction, this appears to be
nothing more than the next step in Plaintiffs' deliberate
strategy of dragging Defendants through a never-ending battle of
motions that Plaintiffs hope will ultimately force onto
Defendants additional obligations and restrictions which the
Court has already denied.  Requiring Defendants to jump through
Plaintiffs' never-ending series of hoops in a case where
Defendants have fully responded to Plaintiffs' discovery
requests, have successfully defended a motion for a more
expansive injunction order, and have successfully opposed a
motion to clarify the Court's injunction order, would result in
Plaintiffs' have multiple bites at the same proverbial apple.

Indeed, it appears that the current injunction order fully
disposes of this case.  The merits of Plaintiffs' claims have now
been fully adjudicated by this Court, addressed by the Ninth
Circuit, and then remanded to this Court, for remand to Federal
Defendants for further NEPA compliance.  That NEPA compliance is

3

underway.  In the meantime, this Court subsequently entered an
order which defines the limits of Defendants' actions pending
full compliance with NEPA.  Other than Plaintiffs' pending appeal
of that order, nothing else presently remains of this case.
Given the posture of the case, it is not at all clear that the
Court retains jurisdiction to do anything more than enforce its
injunction and monitor the reporting that is required under its
injunction order.  As such, the Magistrate Judge may not possess
an appropriate referral from the Court to consider further
discovery challenges, particularly vague and undefined
challenges.

    To force Defendants to submit a simultaneous brief on an
issue that does not even appear to be in dispute, which has never
been fully explained to Defendants' counsel, and over which the
Magistrate Judge may not have jurisdiction, would prevent
Defendants from having a "full opportunity . . . to present their
positions. . ." as required by Local Rule 37.1(c)(1).  Since
Plaintiffs are seeking an advisory opinion on the parties' future
obligations based upon a hypothetical situation and there appears
to be no real dispute among the parties, Defendants submit that
there is no need for any judicial intervention at this time.  At
a minimum, Defendants are entitled to receive written notice of
the alleged dispute through a duly filed motion before being
required to submit a brief in response and should be provided a

reasonable opportunity to respond after receiving appropriate notice of the issues being leveled against them.

Accordingly, Federal Defendants respectfully request that the Court clarify that Federal Defendants are not required to submit a "letter brief" or other moving paper at this time, unless and until Plaintiffs seek to join issues for decision by the Court through duly filed and served motions papers. Also, to the extent Plaintiffs maintain they have a right to further discovery in this case, they should be required to move the Court for leave to resume discovery, and Federal Defendants should be afforded an opportunity to respond to Plaintiffs' motion.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawai`i

HARRY YEE (3790)
Assistant United States Attorney

MATTHEW J. MCKEOWN
Acting Assistant Attorney General

JAMES D. GETTE
BARRY A.  WEINER
Trial Attorneys
Natural Resources Section
Environment & Natural Resources
Division

Of Counsel:
Robert M. Lewis, Senior Trial Attorney
Army Environmental Law Division
901 North Stuart Street, Suite 400
Arlington, VA 22203
Telephone: 703-696-1567
Facsimile: 703-696-2940

Exhibit "A"

**Weiner, Barry (ENRD)**

| | |
|---|---|
| **From:** | David Henkin [dhenkin@earthjustice.org] |
| **Sent:** | Tuesday, March 13, 2007 5:25 PM |
| **To:** | Gette, James (ENRD); Weiner, Barry (ENRD) |
| **Subject:** | Stryker discovery |

**Importance:**    High

Gentlemen,

I spoke with Magistrate Judge Kurren's courtroom deputy (Richlyn Young), who instructed the parties to submit by fax letter briefs by tomorrow (3/14) setting forth their positions on the discovery supplementation issue. See Local Rule 37.1(c). The judge's fax number is 541-3500. After reviewing the letter briefs, the judge will determine whether a conference with the parties is needed.

Ms. Young told me to seek agreement with you re: the timing of submittal of the letter briefs, but cautioned that we should not wait until the end of the day (4 p.m. HST) for filing. Please let me know by when you will be prepared to submit your letter.

Aloha, David

David L. Henkin
Earthjustice
223 South King St., Suite 400
Honolulu, Hawai'i 96813
Tel.: (808) 599-2436, ext. 14
Fax: (808) 521-6841
www.earthjustice.org

# Exhibit "A"

# Exhibit "B"

**Weiner, Barry (ENRD)**

| | |
|---|---|
| **From:** | Weiner, Barry (ENRD) |
| **Sent:** | Thursday, March 08, 2007 3:42 PM |
| **To:** | 'David Henkin' |
| **Cc:** | Gette, James (ENRD) |
| **Subject:** | RE: Update? |

David,

Thanks, the baby is doing a little better, although I could use more sleep. As for the Army, its position remains as communicated to you in Jim's letter. The Army intends to abide Judge Ezra's Order and meet its obligations under the Federal Rules of Civil Procedure. The Army will not agree to anything beyond that. I am speaking with the Army tomorrow about dates for provision of the periodic reports and will have more info on a schedule after speaking with the Army.

Barry

-----Original Message-----
From: David Henkin [mailto:dhenkin@earthjustice.org]
Sent: Thursday, March 08, 2007 3:33 PM
To: Weiner, Barry (ENRD)
Subject: RE: Update?

How's the kid?  What's the Army's position?

David L. Henkin
Earthjustice
223 South King St., Suite 400
Honolulu, Hawai'i  96813
Tel.: (808) 599-2436, ext. 14
Fax: (808) 521-6841
www.earthjustice.org

-----Original Message-----
From: Weiner, Barry (ENRD) [mailto:Barry.Weiner@usdoj.gov]
Sent: Wednesday, March 07, 2007 12:38 PM
To: David Henkin
Subject: Re: Update?

David,

I am home with a sick baby.  I will address these issues with the army tomorrow
-------------------------
Sent from my BlackBerry Wireless Handheld

Sent Using U.S. DOJ/ENRD BES Server

----- Original Message -----
From: David Henkin <dhenkin@earthjustice.org>
To: Weiner, Barry (ENRD)
Sent: Wed Mar 07 15:59:14 2007
Subject: Update?

Barry,

What is the Army's position on updating us should it determine it needs to conduct Stryker training other than the training disclosed in its prior discovery responses? Also, when does the Army propose reporting on the mitigations required under the Dec. 29 order?

Aloha, David

Exhibit "B"

1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

'ILIO'ULAOKALANI COALITION, a )    CIVIL NO. 04-00502 DAE-BMK
Hawai'i nonprofit corporation; )
NA 'IMI PONO, a Hawai'i        )    CERTIFICATE OF SERVICE
unincorporated association;    )
and KIPUKA, a Hawai'i          )
unincorporated association,    )
                       )
         Plaintiffs, )
                       )
     vs.                 )
                       )
DONALD H. RUMSFELD, Secretary )
of Defense; and FRANCIS J.    )
HARVEY, Secretary of the      )
United States Department of   )
the Army,                     )
                       )
         Defendants. )
_____ )

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that, on the date and by the method of
service noted below, a true and correct copy of the foregoing was
served on the following at their last known addresses:

     Served Electronically through CM/ECF:

         David L. Henkin      dhenkin@earthjustice.org

         Isaac H. Moriwake    imoriwake@earthjustice.org

         Attorneys for Plaintiffs

     DATED: March 14, 2007, at Honolulu, Hawaii.

_____

Harry Yee