IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ʻĪLIOʻULAOKALANI COALITION, a Hawaii nonprofit corporation; NĀ ʻIMI PONO, a Hawaii unincorporated association; and KĪPUKA, a Hawaii unincorporated association,<br><br>Plaintiffs,<br><br>vs.<br><br>ROBERT M. GATES, Secretary of Defense; and FRANCIS J. HARVEY, Secretary of the United States Department of the Army,<br><br>Defendants. | CIV. NO.04-00502 DAE-BMK<br><br>ORDER DENYING PLAINTIFFS' REQUEST FOR SUPPLEMENTAL DISCOVERY |

ORDER DENYING PLAINTIFFS' REQUEST FOR SUPPLEMENTAL
DISCOVERY

Pursuant to Local Rule 37.1(c), the parties have asked this Court for assistance with a discovery dispute. Plaintiffs' request is hereby DENIED as unwarranted under the Interim Injunction of December 29, 2006 ("Interim Injunction"), and outside of the scope and purposes of discovery under the Federal Rules of Civil Procedure.

Plaintiffs request that the Court order Defendants to supplement their discovery responses "within twenty-four hours of deciding to carry out any

previously undisclosed training and <u>before</u> such training occurs." (Pls.' March 14 Letter Brief.)  In particular, Plaintiffs seek the ongoing supplementation of Interrogatory No. 5, which requires that Defendants "describe with particularity each Stryker-specific training exercise [they] contend the 2nd Brigade must conduct in Hawaii to be mission deployable as an SBCT." (Pls.' March 14 Letter Brief (quoting Interrogatory No. 5).)  Plaintiffs request that Defendants disclose in advance when the 2nd Brigade will be "training at different locations or, at a particular location, training with different weapons or ammunition than previously disclosed." (Pls.' March 14 Letter Brief.)

       Plaintiffs argue that this supplemental, ongoing discovery is necessary to ensure compliance with the Court's Interim Injunction.  They further argue that this type of supplemental Discovery is authorized under the Interim Injunction, which provides that Plaintiffs may "return to this Court . . . if the Army fails to comply with NEPA . . . ." (Interim Injunction 57, n.9.)

       The Court disagrees.  Plaintiffs may indeed return to this Court if Defendants violate the Interim Injunction, NEPA, or other federal law.  This does not mean, however, that Plaintiffs are entitled to use pre-trial discovery mechanisms as a mode for ascertaining post-decision compliance with a court order.  If Plaintiffs believe that Defendants are not in compliance with the Interim

Injunction, they may file an appropriate action and obtain discovery in the normal course of that action. As the Court stated in its March 1 Order Denying Plaintiffs' Motion to Clarify ("March 1 Order"), "micro-management by this Court of how many hours of training may occur, how many rounds may be fired, [and] the exact areas that can be used, is inappropriate." (March 1 Order 4.) Accordingly, Plaintiffs' request for supplemental discovery is hereby DENIED.

      IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: March 23, 2007

Īlioʻulaokalani Coalition v. Gates, ORDER DENYING PLAINTIFFS' REQUEST FOR SUPPLEMENTAL DISCOVERY; Civ. No.04-00502 DAE-BMK.