DAVID L. HENKIN         #6876
ISAAC H. MORIWAKE       #7141
EARTHJUSTICE
223 South King Street, Suite 400
Honolulu, Hawai'i 96813
Telephone No.: (808) 599-2436
Fax No.: (808) 521-6841
Email: dhenkin@earthjustice.org
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| 'ĪLIO'ULAOKALANI COALITION, a Hawai'i nonprofit corporation; NĀ 'IMI PONO, a Hawai'i unincorporated association; and KĪPUKA, a Hawai'i unincorporated association,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ROBERT M. GATES, Secretary of Defense; and PETE GEREN, Acting Secretary of the United States Department of the Army,<br><br>　　　　Defendants. | Civil No. 04-00502 DAE BMK<br><br>DECLARATION OF DAVID L. HENKIN; EXHIBITS "1"-"10" |

## DECLARATION OF DAVID L. HENKIN

I, DAVID L. HENKIN, declare under penalty of perjury that:

1. I am an attorney at law, duly licensed to practice before this Court, and am the lead attorney for plaintiffs ʻĪlioʻulaokalani Coalition, Nā ʻImi Pono, and Kīpuka (collectively, "the Hawaiian Groups") in this action.

2. I make this declaration in support of the Hawaiian Groups' Statement Of Appeal From March 23, 2007 Order Denying Plaintiffs' Request For Supplemental Discovery. This declaration is based on my personal knowledge, and I am competent to testify about the matters contained herein.

3. On March 1, 2007, pursuant to an earlier agreement among the parties, the Army provided the Hawaiian Groups with notice that, as of March 15, 2007, it would no longer limit Stryker training in Hawaiʻi to the set of exercises the parties had previously discussed. To ensure the Hawaiian Groups would be able to apprise the Court in a timely fashion about any changed circumstances that threatened irreparable harm, I immediately contacted the Army's counsel, Barry A. Weiner and James D. Gette, to seek agreement about supplementation of the Army's prior discovery responses in the event of any material changes to Stryker training in Hawaiʻi prior to the Army's compliance with the National Environmental Policy Act. After a series of emails and telephone conversations, the Army's counsel made it clear the Army would not consider any such agreement or, even, indicate whether it agreed Federal Rule of Civil Procedure 26(e)(2)

obliged the Army to supplement its prior responses should it plan to carry out Stryker training that differed materially from its previous disclosures.

4.  Since the parties were unable to reach agreement about supplementation to the Army's disclosures, I informed Mr. Weiner and Mr. Gette on March 13, 2007 (the date of our final telephone conversation regarding this matter), that I intended to contact the Court to schedule a discovery conference or whatever other means the Court preferred to resolve the parties' dispute. I invited the Army's counsel to participate in the telephone call to the Court, but they declined the invitation and told me to inform them about how the Court wanted to proceed.

5.  After getting off the telephone with the Army's counsel, I called Magistrate Kurren's courtroom manager, Richlyn Young, who instructed that the parties should submit letter briefs by March 14, 2007, setting forth their positions regarding the discovery dispute pursuant to Local Rule 37.1(c). I immediately sent an email to Army's counsel to inform them regarding the Court's instructions.

6.  Attached hereto as Exhibit "1" are excerpts from a true and correct copy of the transcript of the status conference that took place herein on November 20, 2006.

7.  Attached hereto as Exhibit "2" are excerpts from a true and correct copy of the transcript of the status conference that took place herein on November 6, 2006.

8.  Attached hereto as Exhibit "3" are excerpts from a true and correct copy of Plaintiffs' First Set Of Interrogatories And Requests For Production Of Documents And Things, served herein on November 20, 2006.

9.  Attached hereto as Exhibit "4" are excerpts from a true and correct copy of the transcript of the hearing on interim injunction that took place herein on December 18, 2006.

10. Attached hereto as Exhibit "5" are excerpts from a true and correct copy of the Deposition of Ronald L. Borne, taken herein on December 4, 2006.

11. Attached hereto as Exhibit "6" is a true and correct copy of a letter from defendants' attorney, James D. Gette, dated March 1, 2007.

12. Attached hereto as Exhibit "7" is a true and correct copy of a letter from defendants' attorney, James D. Gette, dated January 22, 2007.

13. Attached hereto as Exhibit "8" is a true and correct copy of a letter from defendants' attorney, Barry A. Weiner, dated April 2, 2007.

14. Attached hereto as Exhibit "9" are excerpts from a true and correct copy of the Environmental Impact Statement, Transformation of the 2nd Brigade, 25th Infantry Division (Light) to a Stryker Brigade Combat Team in Hawai'i, which is part of the site-specific administrative record herein.

15. Attached hereto as Exhibit "10" are excerpts from a true and correct copy of the Long Range Training Calendar for the 2nd Brigade that the Army produced in response to the Hawaiian Groups' Request for Production No. 5.  At

deposition, the 2nd Brigade's commander, Colonel Stephen Banach, testified that the Long Range Training Calendar was part of a quarterly training briefing he provided to the deputy commanding general at the United States Army Pacific Command in September 2006.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on April 2, 2007, at Honolulu, Hawaiʻi.

/s/ David L. Henkin
David L. Henkin

5