```
                                                                    1


 1              IN THE UNITED STATES DISTRICT COURT FOR THE

 2                          DISTRICT OF HAWAII

 3   'ILIO'ULAOKALANI COALITION,   )   CIVIL NO. 04-00502DAE
     a Hawaii nonprofit            )
 4   corporation; NA 'IMI PONO, a  )
     Hawaii unincorporated         )
 5   association; and KIPUKA, a    )
     Hawaii unincorporated         )
 6   association,                  )
                 Plaintiffs,       )   Honolulu, Hawaii
 7                                 )   November 20, 2006
          vs.                      )   9:55 a.m.
 8                                 )
     DONALD H. RUMSFELD, Secretary )   STATUS CONFERENCE
 9   of Defense; and Les Brownlee, )   AND ORAL ARGUMENTS
     Acting Secretary of the U.S.  )
10   Department of the Army,       )
                 Defendants.       )
11   _____)

12                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE DAVID ALAN EZRA,
13                  UNITED STATES DISTRICT JUDGE

14   APPEARANCES:

15   For the Plaintiffs:       DAVID L. HENKIN, Esq.
                               Earthjustice
16                             223 South King Street, Suite 400
                               Honolulu, Hawaii 96813
17

18   For the Defendants:       THOMAS HELPER, Esq.
                               Assistant U.S. Attorney
19                             Office of the U.S. Attorney
                               PJKK Federal Building
20                             300 Ala Moana Blvd., Rm. 6-100
                               Honolulu, Hawaii 96850
21
                               BARRY A. WEINER, Esq.
22                             JAMES D. GETTE, Esq.
                               Trial Attorneys
23                             U.S. Department of Justice
                               Environment & Natural Resources
24                              Division
                               General Litigation Section
25                             P.O. Box 663
                               Washington, D.C.  20044-0663
```



EXHIBIT 1

```
 1   APPEARANCES (Continued):

 2

 3   For the Defendants:        ROBERT M. LEWIS, Esq.
                                Senior Trial Attorney
 4                              Environmental Law Division
                                U.S. Army Litigation Center
 5                              901 N. Stuart St., Suite 400
                                Arlington, Virginia 22203
 6

 7                              MARK J. KATKOW, Esq.
                                Attorney-Adviser
 8                              Office of the Staff Judge
                                  Advocate
 9                              25th Infantry Division (L) &
                                  U.S. Army Hawaii
10                              Bldg. 178; Stop 126
                                Fort Shafter, Hawaii 96858
11

12

13

14

15

16

17

18

19

20   Official Court Reporter:   Cynthia Fazio, RMR, CRR
                                United States District Court
21                              P.O. Box 50131
                                Honolulu, Hawaii  96850
22

23

24
     Proceedings recorded by machine shorthand, transcript produced
25   with computer-aided transcription (CAT).
```

10

```
 1            THE COURT:  All right.  So --
 2            MR. HENKIN:  But there may be flexibility in the
 3   future if we have an opportunity to figure out exactly what
 4   they propose.
 5            THE COURT:  Now, what I am not entirely convinced of,
 6   I should say, is the need for -- well, I can tell you one
 7   thing.  I am convinced there is no immediate need for extensive
 8   discovery on these six issues in light of the -- of the
 9   requirement that the court expeditiously resolve the matter.
10            I mean if we were talking about a normal remand to
11   this court, in other words, the court issues an order, the
12   order is reversed 2-1, it comes back to this court, and people
13   are litigating, fine.  I mean you just do discovery and that's
14   what the court would do.  But that's not the posture, okay.
15   That's why I say that this is a very unusual case.  That's not
16   the posture that this has been remanded to me in.
17            I've been instructed, even in their clarification
18   order, to -- not yet, Mr. Henkin.  I know you're anxious.
19            MR. HENKIN:  I'm anxious, Your Honor.
20            THE COURT:  I will give you -- you've litigated before
21   me many times, Mr. Henkin.  You know you'll get a full
22   opportunity and you will have a full opportunity.
23            MR. HENKIN:  Thank you, Your Honor.
24            THE COURT:  The appellate court used the term
25   "expeditious" in their clarification order several times.
```

1    Expeditious means expeditious.  It doesn't mean next year, it
2    doesn't mean 2 years from now.  This case is not going to go
3    away in 2 years.  It's going to be around.  And there are other
4    aspects of this case that are going to be litigated for a long
5    time and we're all going to be here -- I mean maybe not all the
6    spectators, but the lawyers and I will be here and we will
7    litigate this case for a very long time.
8         Usually in these cases you get a big public flare-up
9    and you get all the publicity.  It's like when I issued the
10   injunction to stop longline fishing and they were protesting
11   out there against me and putting ads on the radio and the
12   television, you know, that I was going to destroy Hawaii's
13   fishing industry and so on and so forth by, you know, abiding
14   by the environmental laws.  That case went on for 2 years after
15   all the, you know, hoopla.  Well, that's what's going to happen
16   here.  This case is going to be litigated out over a period of
17   probably 2 to 3 years, I think.
18        But what happens in the meantime, in the immediate
19   meantime simply is to put an appropriate injunction into place
20   while the appellate process for this Phase One of this
21   litigation goes forward on the Motion to Dismiss and set the
22   framework while the other litigation is ongoing, the underlying
23   litigation.
24        So I am not inclined, Mr. Henkin, I will tell you
25   this, to allow extensive discovery as you have requested.

1 have me overturned or affirmed, and if I rule for you in whole
2 or in part you will seek the same thing. You will all go right
3 back up to the Ninth Circuit and -- and at that time you can
4 seek clarification from them as to the scope of the order that
5 I've issued and what they intend to do with it.
6     MR. HENKIN: Just with respect to framing the
7 discovery, Your Honor, it would be helpful to know if we're
8 briefing pending their compliance with NEPA and then issues of
9 how long they expect that will take would come into play, or
10 whether it's until the arrival of some other event. The
11 issuance of the mandate, as you know, Your Honor, is --
12     THE COURT: The easiest thing to do is to do discovery
13 because you're going to be doing it on an expedited basis. I
14 intend to allow additional discovery, Mr. Henkin. There will
15 be additional discovery in this case.
16     This discovery that we're talking about is only
17 discovery pending the issuance of an interim injunction.
18 That's all. And I think you should look at the shorter period
19 of time. That's the safest thing for you to do. And then --
20 because you are going to be permitted, as the Army is,
21 substantial additional discovery in this case as we move
22 forward, which is going to be far more extensive and far more
23 broad.
24     The only question is: What is the Army going to be
25 permitted to do in terms of training and in terms of combat

1    preparation in the -- in the interim. And the interim that
2    will be decided by the Ninth Circuit -- and, quite frankly, as
3    I told you, we really don't know what is going to happen with
4    this case. I am -- I would be shocked, quite frankly, if the
5    Army did not seek en banc review. I would even be more
6    shocked, quite frankly, if even if the Army doesn't seek it,
7    some judges on the Ninth Circuit don't seek it on their own,
8    because they have the right to do that and this is a big case
9    and in these kinds of cases that's what happens.
10          And I don't say that because I'm suggesting that there
11   are a lot of judges that don't agree or disagree, but we do
12   know that there is at least one judge that disagrees because he
13   wrote a very extensive dissent.
14          So, I am quite sure that somebody's going to call for
15   a sua sponte en banc even if the parties don't, but I can't
16   imagine the Army not doing that.
17          Now, that may be denied. If it's denied they have the
18   right to seek certiorari if -- either side. So whatever
19   happens is necessarily interim until we find out exactly what
20   the scope of the appellate review will be and what the final
21   answer will be.
22          MR. HENKIN:  Thank you, Your Honor.
23          THE COURT:  So obviously this is discovery which is
24   designed to give the parties the opportunity to develop a
25   better record for both me and for the appellate court, quite

31

```
 1                COURT REPORTER'S CERTIFICATE
 2
 3        I, CYNTHIA FAZIO, Official Court Reporter, United
 4   States District Court, District of Hawaii, Honolulu, Hawaii, do
 5   hereby certify that the foregoing pages numbered 1 through 30
 6   is a correct transcript of the proceedings had in connection
 7   with the above-entitled matter.
 8
          DATED at Honolulu, Hawaii, March 9, 2007.
 9
10
11                         /s/ Cynthia Fazio
                        CYNTHIA FAZIO, RMR, CRR
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```