1

```
 1            IN THE UNITED STATES DISTRICT COURT FOR THE
 2                        DISTRICT OF HAWAII
 3   'ILIO'ULAOKALANI COALITION,  )  CIVIL NO. 04-00502DAE
     a Hawaii nonprofit           )
 4   corporation; NA 'IMI PONO, a )
     Hawaii unincorporated        )
 5   association; and KIPUKA, a   )
     Hawaii unincorporated        )
 6   association,                 )
                   Plaintiffs,    )
                                  )  Honolulu, Hawaii
 7                                )  November 6, 2006
           vs.                    )  8:36 a.m.
 8                                )
     DONALD H. RUMSFELD, Secretary)  STATUS CONFERENCE
 9   of Defense; and Les Brownlee,)
     Acting Secretary of the U.S. )
10   Department of the Army,      )
                   Defendants.    )
11   _____)

12                   TRANSCRIPT OF PROCEEDINGS
               BEFORE THE HONORABLE DAVID ALAN EZRA,
13                   UNITED STATES DISTRICT JUDGE

14   APPEARANCES:

15   For the Plaintiffs:      DAVID L. HENKIN, Esq.
                              Earthjustice
16                            223 South King Street, Suite 400
                              Honolulu, Hawaii 96813
17
18   For the Defendants:      HARRY YEE, Esq.
                              Assistant U.S. Attorney
19                            Office of the U.S. Attorney
                              PJKK Federal Building
20                            300 Ala Moana Blvd., Rm. 6-100
                              Honolulu, Hawaii 96850
21
                              BARRY A. WEINER, Esq.
22                            JAMES D. GETTE, Esq.
                              Trial Attorneys
23                            U.S. Department of Justice
                              Environment & Natural Resources
24                             Division
                              General Litigation Section
25                            P.O. Box 663
                              Washington, D.C.  20044-0663
```



EXHIBIT 2

```
 1          THE COURT:  Mr. Henkin, I have no intention of
 2   allowing, you know, interrogatories and depositions and all
 3   those kinds of things to take place between now and when I make
 4   a decision.  Because if I were to do that, this would not be
 5   expedited.  Expedited in the -- what were the -- what was the
 6   exact language that Judge Fletcher used in her addendum?
 7          MR. HENKIN:  She used --
 8          MR. WEINER:  In the order, Your Honor, it says, "It's
 9   a time critical matter.  This matter is very time sensitive and
10   the district court should proceed expeditiously."
11          THE COURT:  All right.
12          MR. WEINER:  Page 3 of the order.
13          THE COURT:  Now, when something -- when I am told by a
14   Court of Appeals that something is time sensitive and time
15   critical and this court must proceed expeditiously,
16   "expeditiously" is the most urgent word a court uses.
17          MR. HENKIN:  Then -- then, Your Honor --
18          THE COURT:  So, I mean, when somebody says proceed
19   expeditiously, this is time sensitive, it's a matter, at least
20   as far as the Army is concerned, and the Department of Defense
21   as being a matter of national security, I am not in a position
22   to say:  Okay.  Well, I'm going put this on the back shelf and
23   you may conduct discovery, because there is no such thing as --
24   in this matter as an expeditious -- expeditious discovery, as
25   you have labeled it, Mr. Henkin, would take 6 months to a year.
```

```
 1              MR. HENKIN:  We respectfully disagree, Your Honor.
 2              THE COURT:  Okay.  Well, I've been a trial lawyer for
 3   many, many years, Mr. Henkin, and I spent a good deal of my
 4   practice in federal court.  And I've been a judge for a long
 5   time.  If you start taking depositions and issuing requests for
 6   interrogatories and answers to interrogatories and requests for
 7   admissions, all of those things under the Federal Rules of
 8   Civil Procedure are going to take a substantial amount of time
 9   to answer.  Then you're going to get into discovery disputes.
10              Look --
11              MR. HENKIN:  Your Honor, Your Honor --
12              THE COURT:  -- I do not believe that it is necessary
13   for this court, given the extensive litigation that has gone
14   on, and the record we have for this court to permit the parties
15   to engage in additional discovery.
16              MR. HENKIN:  Your Honor, there has been no discovery
17   with respect to remedy with all due respect.
18              THE COURT:  That's fine.
19              MR. HENKIN:  And the reason -- and the reason --
20              THE COURT:  That's what I said, I'm not going to allow
21   any discovery.
22              MR. HENKIN:  The reason there was no discovery was
23   that the parties agreed that such discovery would be deferred
24   until a finding on the merits.
25              THE COURT:  Mr. Henkin, look, I have told you, and I'm
```

1   not saying this in -- in any way to suggest any predisposition
2   on my part, I'm telling you that I do not believe that the
3   charge I have received from the Ninth Circuit is to permit the
4   parties to launch off on discovery. There is -- even to set a
5   discovery schedule would take several weeks given the nature of
6   this, and many of the participants are located all over the
7   country. If the Ninth Circuit had wanted me to do that, Judge
8   Fletcher is an experienced lawyer, so is Judge Tompson, he was
9   a trial lawyer. They know their business. And these were good
10  lawyers when they were in private practice, and I mean good
11  lawyers. If they had contemplated discovery they would have
12  said so.
13          But if you believe that I'm wrong, I would suggest,
14  and please do so, I urge you to do so actually, go to the Ninth
15  Circuit, ask them for an emergency clarification if they want
16  me to set up a discovery schedule. I will tell you that in my
17  opinion, knowing what I know about the facts of this case, and
18  I know this case better than they do, because I've lived with
19  it much longer than they have, and I don't say that
20  disrespectfully but that's my job -- you know, it's just like
21  when a case goes up on appeal from a trial judge who sat
22  through 2 months of trial, to suggest that the appellate court
23  has heard all that testimony is ridiculous. No appellate judge
24  would suggest that in their right mind.
25          MR. HENKIN: Your Honor, just for the court's

```
 1                    COURT REPORTER'S CERTIFICATE
 2
 3         I, CYNTHIA FAZIO, Official Court Reporter, United
 4   States District Court, District of Hawaii, Honolulu, Hawaii, do
 5   hereby certify that the foregoing pages numbered 1 through 37
 6   is a correct transcript of the proceedings had in connection
 7   with the above-entitled matter.
 8
             DATED at Honolulu, Hawaii, November 6, 2006.
 9
10
                                    /s/ Cynthia Fazio
11                             _____
                               CYNTHIA FAZIO, RMR, CRR
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```