DAVID L. HENKIN         #6876
ISAAC H. MORIWAKE       #7141
EARTHJUSTICE
223 South King Street, Suite 400
Honolulu, Hawai‘i 96813
Telephone No.: (808) 599-2436
Fax No.: (808) 521-6841
Email: dhenkin@earthjustice.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| ‘ĪLIO‘ULAOKALANI COALITION, a Hawai‘i nonprofit corporation; NĀ ‘IMI PONO, a Hawai‘i unincorporated association; and KĪPUKA, a Hawai‘i unincorporated association,<br><br>    Plaintiffs,<br><br>    v.<br><br>ROBERT M. GATES, Secretary of Defense; and PETE GEREN, Acting Secretary of the United States Department of the Army,<br><br>    Defendants. | Civil No. 04-00502 DAE BMK<br><br>DECLARATION OF DAVID L. HENKIN; EXHIBITS "1"-"2" |

DECLARATION OF DAVID L. HENKIN

I, DAVID L. HENKIN, declare:

1. I am an attorney at law, duly licensed to practice before this Court, and am an attorney for plaintiffs 'Īlio'ulaokalani Coalition, Nā 'Imi Pono, and Kīpuka (collectively, the "Hawaiian Groups").

2. I make this Declaration in support of the Hawaiian Groups' <u>Ex Parte</u> Motion to Shorten Time for Hearing Statement Of Appeal From March 23, 2007 Order Denying Plaintiffs' Request For Supplemental Discovery. This declaration is based on my personal knowledge, and I am competent to testify about the matters contained herein.

3. On Friday, March 23, 2007, Magistrate Judge Barry M. Kurren denied the Hawaiian Groups' request for an order requiring defendants the Secretary of Defense and the Secretary of the United States Department of the Army (collectively, "the Army") to provide supplemental disclosures if there are material changes in the Stryker training the Army plans to conduct in Hawai'i prior to complying with the National Environmental Policy Act. That same day, I sent an email to Army counsel Barry A. Weiner and James D. Gette informing them that the Hawaiian Groups intended to appeal Magistrate Kurren's decision. I asked counsel to let me know whether, between now and the end of April (when the appeal process would normally run its course), the Army intended to conduct any training that was not previously disclosed, which would require expediting the Hawaiian Groups' appeal.

2

4.      On Monday, March 26, 2007, Mr. Weiner sent an email stating that the Army had received the Hawaiian Groups' request for information about training and would send a response the following day.  Apparently due to technical difficulties on the Army's end, it did not provide a response until Wednesday, March 28, 2007.  The response stated that the Army had not yet undertaken, and (as of that time) had no plans to undertake, previously undisclosed Stryker training.  The Army refused, however, to provide assurances that it would not conduct such training prior to the resolution of the Hawaiian Groups' appeal.  A true and correct copy of the letter I received from Army counsel James D. Gette on March 28, 2007 is attached hereto as Exhibit "1."

5.      Later on March 28, 2007, I sent an email to Army counsel proposing an agreement to avoid the need to expedite the Hawaiian Groups' appeal.  Since the Army did not have present plans to conduct previously undisclosed training, I suggested that the Army agree to give notice if, prior to the Court's ruling on our appeal, the Army subsequently decided to conduct materially different training.  Such an arrangement would have avoided the need immediately to expedite the appeal by ensuring the Hawaiian Groups would later have the opportunity to seek expedition in the event of material changes to training.  The parties had reached a similar agreement to avoid the need to expedite the Hawaiian Groups' January 12, 2007 Motion To Clarify and to accommodate the Army's requests for extensions of time to respond to that motion.

6.     On Monday, April 2, 2007, Army counsel Barry A. Weiner faxed a letter rejecting the Hawaiian Groups' proposal and stating the Army would not provide "notice of any modification to Stryker-related training that was not previously disclosed during discovery or in prior court filings." A true and correct copy of Mr. Weiner's April 2, 2007 letter is attached hereto as Exhibit "2."

7.     As discussed in the attached motion, timely resolution of the Hawaiian Groups' appeal is necessary to ensure that potentially destructive training does not go forward without the opportunity for judicial review to determine if protective measures are necessary.

8.     Earlier today, I contacted Mr. Weiner and Mr. Gette to seek their agreement regarding expediting this appeal to ensure its timely resolution. They informed me the Army would oppose any request to shorten time.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 2, 2007, at Honolulu, Hawai'i.

                                                  /s/ David L. Henkin  
                                                  David L. Henkin