EDWARD H. KUBO, JR.  (2499)
United States Attorney
District of Hawai`i
HARRY YEE  (3790)
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawai`i  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
Email: harry.yee@usdoj.gov

MATTHEW J. MCKEOWN
Acting Assistant Attorney General
BARRY A. WEINER
JAMES D. GETTE
Trial Attorneys
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 663
Washington, D.C.  20044-0663
Telephone: (202) 305-0469
Facsimile:  (202) 305-0274
Email: Barry.Weiner@usdoj.gov

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ILIO‘ULAOKALANI COALITION, a Hawaii, nonprofit corporation; NA‘IMI PONO, a Hawaii unincorporated association; and KIPUKA, a Hawaii unincorporated association,<br><br>                    Plaintiffs,<br><br>        v.<br><br>ROBERT M. GATES, Secretary of United States Department of Defense; and PETER M. GEREN, Acting Secretary of the United States Department of the Army,<br><br>                    Defendants. | )CIVIL NO.04-00502 DAE BMK<br>)<br>)DEFENDANTS' OPPOSITION TO<br>)PLAINTIFFS' EX PARTE MOTION<br>)TO EXPEDITE THEIR APPEAL OF<br>)THE MAGISTRATE JUDGE'S<br>)MARCH 23, 2007 ORDER;<br>)DECLARATION OF BARRY A.<br>)WEINER IN SUPPORT OF<br>)DEFENDANTS' OPPOSITION<br>)TO PLAINTIFFS' EX PARTE<br>)MOTION TO EXPEDITE THEIR<br>)APPEAL OF THE MAGISTRATE<br>)JUDGE'S MARCH 23, 2007 ORDER;<br>)EXHIBITS 1-3<br>)<br>)<br>)<br>) |

<u>DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE MOTION TO EXPEDITE
THEIR APPEAL OF THE MAGISTRATE JUDGE'S MARCH 23, 2007 ORDER</u>

On March 23, 2007, Magistrate Judge Kurren issued his
decision denying Plaintiffs' request for supplemental discovery.
<u>See</u> March 23, 2007 Order at 2-3.  In his decision, Magistrate
Judge Kurren concluded that Plaintiffs should not be "entitled to
use pre-trial discovery mechanisms as a mode for ascertaining
post-decision compliance with a court order."   <u>See</u> March 23,
2007 Order at 2.  Furthermore, "as the Court stated in its March
1 Order Denying Plaintiffs' Motion to Clarify ("March 1 Order"),
'micro-management by this Court of how many hours of training may
occur, how many rounds may be fired, [and] the exact areas that
can be used, is inappropriate.'" <u>See</u> March 23, 2007 Order at 3
citing Court's March 1, 2007 Order at 4.  Finally, Magistrate
Judge Kurren concluded that Plaintiffs request that Defendants
disclose in advance when the 2nd Brigade will be training at
different locations or, at a particular location, training with
different weapons or ammunition than previously disclosed was
improper.  <u>Id</u>. at 2-3.

Now, on April 2, 2007, after virtually exhausting their time
to file under Local Rule 74.1,[1] Plaintiffs file an appeal of the
Magistrate Judge's decision and seek to expedite consideration of

---

[1] Pursuant to Local Rule 74.1, "[a]ny party may appeal from
a magistrate judge's order under LR72.3, or, if a reconsideration
order has issued, the magistrate judge's reconsideration order,
within eleven (11) calendar days from the entry of the order."

2

their appeal and shorten the time within which Defendants have to respond. The circumstances that Plaintiffs rely on to justify their request for expedited consideration, e.g., their alleged concern about the need for advanced notice of any modification to training not previously disclosed, have existed since before Magistrate Judge Kurren issued his decision rejecting this claim. If Plaintiffs believed that exigent circumstances exist that require expedited consideration of their appeal, the appropriate course of action would have been for Plaintiffs to file an appeal immediately after the Magistrate Judge's decision was issued. Apparently unconcerned about the alleged exigency while preparing their appeal of the Magistrate Judge's discovery order, Plaintiffs instead consumed 10 days, virtually the entire time permitted under Local Rule 74.1 to file their appeal. Thus, their tactical claim of "exigency" rings hollow. The Court should deny Plaintiffs' motion to shorten time, and thus afford Defendants the normal timetable for a response as provided by Local Rule 74.1.

Plaintiffs also suggest that they sought to avoid the need to expedite their appeal by requesting that the Army provide advance notice of any modification to the training required to transform the 2nd Brigade into a Stryker Brigade Combat Team ("SBCT"). Plaintiffs' Ex Parte Motion at 2-3. An identical request has been made on numerous occasions both before and after the Magistrate Judge's decision denying Plaintiffs such notice.

3

See March 23, 2007 Order at 2-3.  On such occasions, Defendants responded that such a request was improper because it would compromise the Army's discretion to ensure that the proper training is provided to its soldiers, and directly at odds with this Court's previous rulings.  See Exhibit 1 (March 20, 2007 Letter Brief to Magistrate Judge Kurren), Exhibit 2 (March 27, 2007 correspondence from James Gette to David Henkin), and Exhibit 3 (April 2, 2007 correspondence from Barry Weiner to David Henkin).

In this regard, Defendants' response to Plaintiffs is consistent with this Court's previous rulings that the Army must maintain the discretion and flexibility to determine what training is necessary to ensure the 2nd Brigade is effectively trained as a SBCT.  See Court's March 1, 2007 Order denying Plaintiffs' Motion to Clarify December 29, 2006 Order Setting Interim Injunction ("March 1, 2007 Order") at 4-5.  As this Court explained:

> This Court purposefully chose the words "including, but not limited to," when discussing the training, to avoid a situation that Plaintiffs now seek to impose, e.g., the Court's micro-management of time-sensitive combat training.  As noted in the interim-injunction order, this Court must give great deference to the military in their decisions as to which training is appropriate to best accomplish their mission, and thus, micro-management by this Court of how many hours of training may occur, how many rounds may be fired, the exact areas that can be used is inappropriate.  See Gilligan v. Morgan, 413 U.S. 1, 10-11 (1973).

4

<u>See</u> March 1, 2007 Order at 4-5.

Because the relief that Plaintiffs are seeking is inconsistent with the Court's prior rulings, it cannot justify an order shortening the Defendants' time for responding to their appeal, and/or expediting the appeal. <u>See</u> March 23, 2007 Order at 2-3; March 1, 2007 Order at 4-5. Furthermore, the alleged exigent circumstances leading to Plaintiffs' ex parte request existed prior to their filing and, thus, Defendants should not be penalized for Plaintiffs' failure to file in a more timely manner.

In the end, Plaintiffs have not offered any reasonable grounds for their request to limit the time for Defendants' response to their Statement of Appeal. Accordingly, Plaintiffs' <u>Ex Parte</u> Motion to shorten time for hearing statement of appeal on the Magistrate Judge's March 23, 2007 order should be denied.

Respectfully submitted this 3rd day of April, 2007,

            EDWARD H. KUBO, JR. (2499)
            United States Attorney
            District of Hawai`i
            HARRY YEE (3790)
            THOMAS HELPER(5676)
            Assistant United States Attorney

            /s/ Barry A. Weiner by Harry Yee
            _____
            BARRY A.  WEINER
            JAMES D. GETTE
            Trial Attorneys
            Natural Resources Section
            Environment & Natural Resources Division
            U.S. Department of Justice
            P.O. Box 663

```
Washington, D.C.  20044-0663
Email: Barry.Weiner@usdoj.gov
Telephone: 202-305-0469
Facsimile: 202-305-0274
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ILIO'ULAOKALANI COALITION, a Hawaii, nonprofit corporation; NA'IMI PONO, a Hawaii unincorporated association; and KIPUKA, a Hawaii unincorporated association,<br><br>            Plaintiffs,<br><br>    v.<br><br>ROBERT M. GATES, Secretary of United States Department of Defense; and PETER M. GEREN, Acting Secretary of the United States Department of the Army,<br><br>            Defendants. | )CIVIL NO.04-00502 DAE BMK<br>)<br>)<br>)<br>)<br>)CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

    Served Electronically through CM/ECF:

        David L. Henkin       dhenkin@earthjustice.org

        Isaac H. Moriwake     imoriwake@earthjustice.org

            Attorneys for Plaintiffs


    DATED:  April 3, 2007, at Honolulu, Hawaii.


                        /s/ Harry Yee
                        _____

7