# Exhibit "3"

DAVID L. HENKIN          #6876
ISAAC H. MORIWAKE        #7141
EARTHJUSTICE
223 South King Street, Suite 400
Honolulu, Hawai'i 96813
Telephone No.: (808) 599-2436
Fax No.: (808) 521-6841
Email: dhenkin@earthjustice.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| 'ĪLIO'ULAOKALANI COALITION, a Hawai'i nonprofit corporation; NĀ 'IMI PONO, a Hawai'i unincorporated association; and KĪPUKA, a Hawai'i unincorporated association,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ROBERT M. GATES, Secretary of Defense; and PETE GEREN, Acting Secretary of the United States Department of the Army,<br><br>　　　　Defendants. | Civil No. 04-00502 DAE BMK<br><br>PLAINTIFFS' NOTICE OF TAKING DEPOSITION UPON ORAL EXAMINATION PURSUANT TO RULE 30(b)(6) RE: RANGE 11T |

PLAINTIFFS' NOTICE OF TAKING DEPOSITION
UPON ORAL EXAMINATION PURSUANT TO RULE 30(b)(6)

EXHIBIT 3

TO: Harry Yee
Assistant United States Attorney
Office of the U.S. Attorney
PJKK Federal Building
300 Ala Moana Blvd., Rm. 6-100
Honolulu, Hawai'i 96850

James D. Gette
Barry A. Weiner
Trial Attorneys
United States Department of Justice
Environment & Natural Resources Division
General Litigation Section
P.O. Box 663
Washington, D.C. 20044-0663

[Attorneys for Defendants]

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, at 10:00 a.m. on April 20, 2007, at Earthjustice, 223 South King Street, Suite 340, Honolulu, Hawai'i 96813, plaintiffs 'Ilio'ulaokalani Coalition, Nā 'Imi Pono, and Kīpuka will take the deposition upon oral examination of the person(s) whom defendants Robert M. Gates and Pete Geren shall designate as their authorized representative(s) who is/are most familiar with or has/have the most knowledge about the following matters:

(1) The nature and scope of all mitigation measures defendants have implemented, and, in the future, intend to implement, to protect known cultural sites that are within the Surface Danger Zone ("SDZ") of the Mobile Gun System ("MGS") at Range 11T and to avoid

disturbing Site 23621, including, but not limited to, the re-grading of roads, berm improvement, movement of selected on-site targets, and physical protective measures mentioned in defendants' Periodic Progress Report dated March 30, 2007;

(2) The basis of defendants' determination that the mitigation measures they have implemented, and, in the future, intend to implement, at Range 11T will be adequate to protect known cultural sites that are within the SDZ of the MGS and to avoid disturbing Site 23621;

(3) The basis of defendants' determination that, following the re-grading of roads, berm improvement, and movement of selected on-site targets mentioned in defendants' March 30, 2007Periodic Progress Report, only three sites would remain at risk from MGS training at Range 11T and may require physical protective measures;

(4) The extent to which defendants plan to conduct MGS exercises at Range 11T using blanks;

(5) The schedule for Mobile Gun System training at Range 11T; and

(6) Any consultation pursuant to Section 106 of the National Historic Preservation Act regarding defendants' implementation of mitigation measures at Range 11T.

Said deposition shall be upon oral examination pursuant to Federal Rule of Civil Procedure 30 before an officer authorized by law to administer oaths. The oral examination shall continue until it is completed. You are invited to attend and cross-examine.

DATED at Honolulu, Hawai'i, April 6, 2007.

           EARTHJUSTICE
           223 South King Street, Suite 400
           Honolulu, Hawai'i 96813

By: _____
      David L. Henkin
      Attorneys for Plaintiffs

DAVID L. HENKIN           #6876
ISAAC H. MORIWAKE    #7141
EARTHJUSTICE
223 South King Street, Suite 400
Honolulu, Hawai'i 96813
Telephone No.: (808) 599-2436
Fax No.: (808) 521-6841
Email: dhenkin@earthjustice.org

Attorneys for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| 'ĪLIO'ULAOKALANI COALITION, a Hawai'i nonprofit corporation; NĀ 'IMI PONO, a Hawai'i unincorporated association; and KĪPUKA, a Hawai'i unincorporated association,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT M. GATES, Secretary of Defense; and PETE GEREN, Acting Secretary of the United States Department of the Army,<br><br>Defendants. | Civil No. 04-00502 DAE BMK<br><br>PLAINTIFFS' SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS |

**PLAINTIFFS' SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

TO DEFENDANTS AND THEIR COUNSEL:

Pursuant to Federal Rule of Civil Procedure ("FRCP") 33, plaintiffs ʻĪlioʻulaokalani Coalition, Nā ʻImi Pono, and Kīpuka (collectively, "the Hawaiian Groups") hereby request that, no later than 10:00 a.m. on Monday, May 7, 2007, defendants answer separately and fully in writing and under oath the following interrogatories. Pursuant to FRCP 34, the Hawaiian Groups further request that, no later than the same time, defendants identify and produce for examination, inspection and copying all of the requested documents or things that are in their possession, custody or control at the offices of Earthjustice, 223 South King Street, Suite 400, Honolulu, Hawaiʻi, or at some other convenient location acceptable to the Hawaiian Groups.

The interrogatories and document requests herein shall be deemed continuing, so as to require supplementation if you obtain or recall further information between the time the answers are served and the time this case is resolved. Answers may be inserted in the spaces provided. If additional space is required, please complete your responses on additional sheets bearing the same number of the interrogatory or document request that you are answering.

## DEFINITIONS

1.  "You" and "your" mean and include defendants and any other persons or entities acting or purporting to act on defendants' behalf, including, without

limitation, defendants' present and former attorneys, investigators, advisors, agents, employees, or consultants.

2. "Person" includes, without limitation, any natural person, firm, company, partnership, association, joint venture, sole proprietorship, organization, business trust, agency, corporation, or any other group or combination acting as a unit or other form of legal, business, non-profit, or governmental entity.

3. "Document" means and includes the original and any copy, regardless of origin or location, in draft or final form, of any printed, typed, written, graphic or recorded materials or tangible things of every kind, however produced or reproduced, in your possession, custody or control, and includes but is not limited to, any letters, correspondence, memoranda, telegrams, telexes, emails, facsimiles, other communications, computer files, agreements, contracts, proposals, work papers, ledgers, journals, summaries, outlines, estimates, projections, cost analyses, calculations, bulletins, books, periodicals, newsletters, articles, reports, logs, agenda, minutes, studies, charts, graphs, maps, drawings, schedules, plans, blueprints, sketches, schematics, models, surveys, print-outs, cards, diaries, calendars, desk calendars, appointment books, photographs, slides, films, videotapes, notes, drafts, worksheets, transcripts, records (mechanical, electrical, typed or written) or any instrument or device which contains any information or from which any information can be derived or retrieved.

4. "Identify," when used with respect to any document, means to describe the document in such a manner that all the following information is provided:

    a. Its nature (e.g., letter, memorandum, contract, report, statement, recording, photograph, etc.);

    b. Its title, if any;

    c. The date the document was prepared, drafted or recorded;

    d. The identity of the person or persons who prepared, drafted, or recorded the document or participated therein;

    e. The dates the document was sent and received (if applicable) and the identity of the person sending and the person receiving the document; and

    f. The identity of the person who presently has custody or control of the document.

5. "Identify," when used with respect to any person, means to state the person's name and the person's current residence address, residence telephone number, employment position, employer, business address and business telephone number.

6. "Range 11T" refers to Range 11T at Pōhakuloa Training Area on Hawai'i Island.

## INSTRUCTIONS

1. As to each person mentioned, referred to, or identified in an answer to an interrogatory or document request, please state the person's name and the person's current residence address, residence telephone number, employment position, employer, business address and business telephone number.

2. If any of the interrogatories or document requests cannot be answered in full, please answer to the extent possible, specifying the reason for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

3. Whenever you are asked to identify and produce a document, please enclose a copy of it with your answers to these requests. Whenever a document is so enclosed, you need not include any information in your identification that is apparent from the face of the document.

4. In producing the requested documents, you are required to furnish all documents known or available to you regardless of whether these documents are possessed directly by you or your agents, employees, representatives, investigators, or by your attorneys or their agents, employees, representatives or investigators, and regardless of the geographical location of the documents.

5. If any of the requested documents cannot be identified and produced in full, please identify and produce them to the extent possible, specifying your

reasons for your inability to produce the remainder and stating whatever information, knowledge, or belief you have concerning the unproduced portion.

6. If any documents or things requested were at one time in existence, but are no longer in existence, please so state, specifying for each document or thing, (a) the type of document or thing, (b) the type of information contained therein, (c) the date upon which it ceased to exist, (d) the circumstances under which it ceased to exist, (e) the identity of all persons having knowledge of the circumstances under which it ceased to exist, and (f) the identity of all persons having knowledge of the contents thereof. As to each person identified with respect to the foregoing, please state the person's name and the person's current residence address, residence telephone number, employment position, employer, business address and business telephone number.

7. If you claim any privilege against the disclosure of any information or document requested herein, please state each privilege you claim and provide a particularized explanation of the basis asserted for withholding the information or document.

8. As used herein, the singular form of a noun or pronoun shall be construed to include within its meaning the plural form of the noun or pronoun so used, and vice versa.

9. Each of these definitions and instructions is hereby incorporated into each of the interrogatories and document requests to which it pertains.

## INTERROGATORIES AND REQUESTS FOR PRODUCTION

INTERROGATORY NO. 24: Please describe with particularity all mitigation measures you have implemented, or, in the future, intend to implement, to protect known cultural sites that are within the Surface Danger Zone of the Mobile Gun System at Range 11T and to avoid disturbing Site 23621, including, but not limited to, the re-grading of roads, berm improvement, movement of selected on-site targets, and physical protective measures mentioned in the Periodic Progress Report you submitted to the Court on March 30, 2007, and the use of blanks during Mobile Gun System training.

RESPONSE TO INTERROGATORY NO. 24:

REQUEST FOR PRODUCTION NO. 29: Please identify and produce all documents that support, contradict, discuss or are in any way related to your response to Interrogatory No. 24, including, but not limited to, any maps showing the locations of re-graded roads, berm improvements, and/or relocated targets with respect to cultural sites within the Surface Danger Zone of the Mobile Gun System at Range 11T.

<u>INTERROGATORY NO. 25</u>: Please state and explain fully all facts on which you base your contention that the mitigation measures described in response to Interrogatory No. 24 would be adequate to protect known cultural sites that are within the Surface Danger Zone of the Mobile Gun System at Range 11T and to avoid disturbing Site 23621.

<u>RESPONSE TO INTERROGATORY NO. 25</u>:

REQUEST FOR PRODUCTION NO. 30: Please identify and produce all documents that support, contradict, discuss or are in any way related to your response to Interrogatory No. 25, including, but not limited to, any documents depicting or discussing the Surface Danger Zone of the Mobile Gun System at Range 11T with respect to re-located targets, any documents related to the analysis of Laser Imaging Detection and Ranging data mentioned in your March 30, 2007 Periodic Progress Report, and any documents related to any consultation pursuant to Section 106 of the National Historic Preservation Act regarding implementation of mitigation measures at Range 11T.

<u>REQUEST FOR PRODUCTION NO. 31</u>: Please identify and produce all documents related to the current schedule for Mobile Gun System training at Range 11T.

DATED:   Honolulu, Hawai'i, April 6, 2007.

>   DAVID L. HENKIN
>   ISAAC H. MORIWAKE
>   EARTHJUSTICE
>   223 S. King Street, Suite 400
>   Honolulu, HI 96813

By: David L. Henkin
Attorneys for Plaintiffs