# Exhibit "4"

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF HAWAII

'ILIO'ULAOKALANI COALITION, a Hawaii nonprofit corporation; NA 'IMI PONO, a Hawaii unincorporated association; and KIPUKA, a Hawaii unincorporated association,
Plaintiffs,

vs.

DONALD H. RUMSFELD, Secretary of Defense; and Les Brownlee, Acting Secretary of the U.S. Department of the Army,
Defendants.

CIVIL NO. 04-00502DAE

Honolulu, Hawaii
November 20, 2006
9:55 a.m.

STATUS CONFERENCE AND ORAL ARGUMENTS

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE DAVID ALAN EZRA,
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiffs:
DAVID L. HENKIN, Esq.
Earthjustice
223 South King Street, Suite 400
Honolulu, Hawaii 96813

For the Defendants:
THOMAS HELPER, Esq.
Assistant U.S. Attorney
Office of the U.S. Attorney
PJKK Federal Building
300 Ala Moana Blvd., Rm. 6-100
Honolulu, Hawaii 96850

BARRY A. WEINER, Esq.
JAMES D. GETTE, Esq.
Trial Attorneys
U.S. Department of Justice
Environment & Natural Resources Division
General Litigation Section
P.O. Box 663
Washtington, D.C. 20044-0663

EXHIBIT
tabbles
4

APPEARANCES (Continued):

For the Defendants:

ROBERT M. LEWIS, Esq.
Senior Trial Attorney
Environmental Law Division
U.S. Army Litigation Center
901 N. Stuart St., Suite 400
Arlington, Virginia 22203

MARK J. KATKOW, Esq.
Attorney-Adviser
Office of the Staff Judge Advocate
25th Infantry Division (L) & U.S. Army Hawaii
Bldg. 178; Stop 126
Fort Shafter, Hawaii 96858

Official Court Reporter:

Cynthia Fazio, RMR, CRR
United States District Court
P.O. Box 50131
Honolulu, Hawaii 96850

Proceedings recorded by machine shorthand, transcript produced with computer-aided transcription (CAT).

THE COURT: All right. So --

MR. HENKIN: But there may be flexibility in the future if we have an opportunity to figure out exactly what they propose.

THE COURT: Now, what I am not entirely convinced of, I should say, is the need for -- well, I can tell you one thing. I am convinced there is no immediate need for extensive discovery on these six issues in light of the -- of the requirement that the court expeditiously resolve the matter.

I mean if we were talking about a normal remand to this court, in other words, the court issues an order, the order is reversed 2-1, it comes back to this court, and people are litigating, fine. I mean you just do discovery and that's what the court would do. But that's not the posture, okay. That's why I say that this is a very unusual case. That's not the posture that this has been remanded to me in.

I've been instructed, even in their clarification order, to -- not yet, Mr. Henkin. I know you're anxious.

MR. HENKIN: I'm anxious, Your Honor.

THE COURT: I will give you -- you've litigated before me many times, Mr. Henkin. You know you'll get a full opportunity and you will have a full opportunity.

MR. HENKIN: Thank you, Your Honor.

THE COURT: The appellate court used the term "expeditious" in their clarification order several times.

Okay? I -- because what you have requested is, I think, overbroad for the need the court has to move this case forward.

Now, that does not mean I'm not going to allow you any discovery. I have come to the conclusion that a certain amount of limited discovery on these six projects is probably appropriate, but I'm going to require that that discovery be done on an extremely expedited basis.

MR. WEINER: Your Honor, we appreciate the court's concern with getting a full record, and we think the court has that full record. As reflected in our pleading, even a limited amount of discovery that would delay the transformation of 2nd Brigade would cause severe impact to the Army. So we --

THE COURT: Look, counsel, I understand what you're talking about, but I also understand the realities that I am facing with the record I have in front of me and I have to deal with the Court of Appeals' injunction as it sits now.

I will tell you that if I rule in this case without giving the plaintiff an opportunity to do at least the essential discovery on a very expedited basis, I will be reversed and you will find yourself in a worse position than you are now. Take it from somebody who's been there and done that from both sides, as a trial judge and as an appellate judge. I can tell you, you are not doing yourself any favors.

There needs to be some opportunity for the other side to do appropriate, very essential limited discovery on an

have me overturned or affirmed, and if I rule for you in whole or in part you will seek the same thing. You will all go right back up to the Ninth Circuit and -- and at that time you can seek clarification from them as to the scope of the order that I've issued and what they intend to do with it.

MR. HENKIN: Just with respect to framing the discovery, Your Honor, it would be helpful to know if we're briefing pending their compliance with NEPA and then issues of how long they expect that will take would come into play, or whether it's until the arrival of some other event. The issuance of the mandate, as you know, Your Honor, is --

THE COURT: The easiest thing to do is to do discovery because you're going to be doing it on an expedited basis. I intend to allow additional discovery, Mr. Henkin. There will be additional discovery in this case.

This discovery that we're talking about is only discovery pending the issuance of an interim injunction. That's all. And I think you should look at the shorter period of time. That's the safest thing for you to do. And then -- because you are going to be permitted, as the Army is, substantial additional discovery in this case as we move forward, which is going to be far more extensive and far more broad.

The only question is: What is the Army going to be permitted to do in terms of training and in terms of combat