# Exhibit "5"

```
                                                                          1

 1              IN THE UNITED STATES DISTRICT COURT FOR THE

 2                           DISTRICT OF HAWAII

 3   'ILIO'ULAOKALANI COALITION,   )   CIVIL NO. 04-00502DAE
     a Hawaii nonprofit            )
 4   corporation; NA 'IMI PONO, a  )
     Hawaii unincorporated         )
 5   association; and KIPUKA, a    )
     Hawaii unincorporated         )
 6   association,                  )
                   Plaintiffs,     )   Honolulu, Hawaii
 7                                 )   December 18, 2006
           vs.                     )   9:51 a.m.
 8                                 )
     DONALD H. RUMSFELD, Secretary )   ORAL ARGUMENT
 9   of Defense; and Les Brownlee, )
     Acting Secretary of the U.S.  )
10   Department of the Army,       )
                   Defendants.     )
11   _____)

12                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE DAVID ALAN EZRA,
13                 UNITED STATES DISTRICT JUDGE

14   APPEARANCES:

15   For the Plaintiffs:        DAVID L. HENKIN, Esq.
                                Earthjustice
16                              223 South King Street, Suite 400
                                Honolulu, Hawaii 96813
17

18   For the Defendants:        HARRY YEE, Esq.
                                Assistant U.S. Attorney
19                              Office of the U.S. Attorney
                                PJKK Federal Building
20                              300 Ala Moana Blvd., Rm. 6-100
                                Honolulu, Hawaii 96850
21
                                JAMES D. GETTE, Esq.
22                              Trial Attorney
                                U.S. Department of Justice
23                              Environment & Natural Resources
                                 Division
24                              General Litigation Section
                                P.O. Box 663
25                              Washington, D.C.  20044-0663
```

EXHIBIT 5

```
 1              "Answer:  No."
 2              Your Honor, we had no knowledge that we were going to
 3   receive anything other than the deposition we had already
 4   received.  We did in fact receive a declaration and we
 5   responded with rebuttal testimony immediately upon receiving
 6   it.
 7              MR. HENKIN:  Your Honor, I think that there's -- was
 8   never a question in defendant's mind.  Mr. Hood is not a career
 9   witness --
10              THE COURT:  All right.  Okay.  Well, we can -- we can
11   play tennis here with each of you going back and forth all
12   morning long --
13              MR. HENKIN:  Yes, Your Honor.
14              THE COURT:  -- as to each of your respective versions
15   of what is and what is not your view of the record, but it will
16   get us absolutely nowhere.
17              You can be seated.
18              Part of the problem, of course, is that because of the
19   -- the manner in which the matter was remanded to me with what
20   I would call an extremely short fuse from the Ninth Circuit, in
21   addition to which the government, for I think legitimate
22   reasons, is also interested in expediting this matter, I have
23   had to put this case on an extremely fast track.  And therefore
24   what we are doing here is we're ending up attempting to build
25   what will be a significant and already is a significant record
```

1  in a relatively short time. We're doing essentially 6 months
2  or a year's worth of record building here in a matter of weeks.
3  And of course that's what causes these types of disagreements.
4        Normally we would resolve these disagreements by
5  simply referring the matter down to the magistrate, the
6  magistrate would take the matter under advisement, you'd have a
7  hearing, somebody would be allowed to take a follow-up
8  deposition and all of that would happen in the normal course
9  and it would take place over a period of weeks or months. We
10 don't have that kind of time obviously.
11       Now, my interest here is to make sure that I am as
12 well informed about the facts and the arguments as possible. I
13 also have an obligation to make sure that the record is clear
14 and complete so that when this matter is reviewed on appeal, as
15 we all know it will be, both at the Ninth Circuit level and
16 possibly en banc and possibly even by the Supreme Court, that
17 there is a solid record, and that we don't have the appellate
18 court trying to divine out of outer space what I made my
19 decision on or what the arguments were by the parties.
20       I mean as you -- as both of you know I sit on the
21 Court of Appeals by designation on a regular basis. So I am
22 quite aware of what the requirements are in order to have a
23 complete and accurate appellate record. And I'm trying to
24 build that record here. So it isn't just for me. It's also so
25 that we can have a more accurate record on appeal. Because we

1   already know there is significant disagreement about the
2   disposition of this matter in the Ninth Circuit. So it's
3   important that this go up as accurately as it can.
4           And that's why when both sides, quite frankly -- and
5   by the way, your motion to file an overextended brief is
6   granted. The defense has come to me and plaintiff has come to
7   me and asked for extensions, we had a number of extensions
8   on -- late last week to some of the earlier deadlines, we had
9   requests for oversized filings. I've granted every one of
10  those requests because of the importance of making sure that we
11  have an adequate and appropriate foundation here.
12          I am not of a mind that any party who has a legitimate
13  witness to provide to the court should be denied that
14  opportunity. So I am not going to grant your request to strike
15  that witness' affidavit.
16          However, as much as I am reluctant to do so, I am
17  going to allow you to supplement the record after the hearing
18  by providing you an opportunity to take his deposition on just
19  the issues which are contained within his declaration. And
20  I'll allow you to file a short memorandum addressing those
21  issues and I'll allow the government to do the same.
22          Now, I'm not interested in this delaying in any
23  significant way my resolution of my portion of this case. This
24  gentleman I understand is available?
25          MR. GETTE: I don't know. He is here, Your Honor, and

1            THE COURT:  See, here we go again.
2            MR. HENKIN:  Exactly, Your Honor.
3            THE COURT:  Right back in the, you know, same spot we
4    were before, you know.
5            MR. GETTE:  Your Honor, if you're asking --
6            THE COURT:  I don't know how many supplement -- I mean
7    not an hour goes by that I don't have somebody knocking at the
8    door with a supplemental memorandum of some sort or other in
9    this case.
10           Very, very difficult for me, you know, in the parlance
11   of my old days in the service myself, we got a moving target
12   here and I'm having a hard time sighting in on it.  And I need
13   to do that in order to render a judgment in this case because
14   the landscape keeps shifting.  Somebody submits something, then
15   somebody else wants an opportunity to rebut it and then
16   somebody says well, they've submitted a rebuttal, they've added
17   something new and now we need an opportunity to rebut it.
18           I'll tell you what.  We are going to close this record
19   tomorrow afternoon at 4 o'clock.  You have this afternoon to
20   look at what they've submitted and you each have by tomorrow
21   afternoon at 4 o'clock to submit a no more than 20-page
22   memorandum addressing the issues.  I don't want any further or
23   additional declarations other than the one that Mr. Henkin is
24   going to submit in response to the declaration of, I believe
25   it's Mr. Kawasaki?