IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ʻĪLIOʻULAOKALANI COALITION, a Hawaiʻi nonprofit corporation; NĀ ʻIMI PONO, a Hawaiʻi unincorporated association; and KĪPUKA, a Hawaiʻi unincorporated association,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>ROBERT M. GATES, Secretary of United States Department of Defense; and FRANCIS J. HARVEY, Secretary of the United States Department of the Army,<br><br>　　　　　Defendants. | CV NO 04-00502 DAE BMK |

ORDER DENYING PLAINTIFFS' APPEAL FROM MARCH 23, 2007 ORDER
DENYING PLAINTIFFS' REQUEST FOR SUPPLEMENTAL DISCOVERY

　　　　　Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Plaintiffs' appeal and the supporting and opposing memoranda, the Court DENIES Plaintiffs' appeal.

BACKGROUND

On March 23, 2007, Magistrate Judge Kurren denied Plaintiffs' request for supplemental discovery. Plaintiffs were seeking ongoing supplemental discovery of each Stryker-specific training exercise that the 2nd Brigade must conduct to be deployable as a Stryker Brigade Combat Team ("SBCT"). The Magistrate Judge found that if Plaintiffs believe that Defendants have violated the Order Setting Interim Injunction ("Interim Injunction"), NEPA or other federal law, Plaintiffs may return to this Court, however, pre-trial discovery was not the appropriate vehicle to ascertain post-decision compliance with a court order.

On April 2, 2007, Plaintiffs filed the instant appeal of the Magistrate Judge's order. Defendants filed an opposition on April 13, 2007.

STANDARD OF REVIEW

A party may appeal any pretrial, nondispositive matter determined by a Magistrate Judge. Fed. R. Civ. P. 72(a); LR 74.1. A district judge "shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." LR 74.1. In order to find the magistrate's decision to be clearly erroneous, the district court must have a "definite and firm conviction that a mistake has been committed." Burdick v. Comm'r Internal Revenue Serv., 979

F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed."). "The reviewing court may not simply substitute its judgment for that of the deciding court." Grimes v. City and County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." Conant v. McCoffey, No. C 97-0139 FMS, 1998 WL 164946, at *2 (N.D. Cal. 1998).

## DISCUSSION

Plaintiffs again assert that Defendants should be required to supplement their discovery responses. Specifically, Plaintiffs request that Defendants be required to disclose whether there are material changes in Stryker training and that they provide Plaintiffs with notice of such within 24 hours of making the decision to change such training. Plaintiffs assert that supplementation is necessary so that they may discover whether there are changed circumstances which would warrant returning to this Court for a modified injunction to prevent irreparable harm to cultural and environmental resources. Plaintiffs claim that since the areas where training occurs is off-limits to them, supplementation of discovery is the only way for Plaintiffs to discover whether there have been

material changes in training, such as training on the lands recently purchased from Campbell Estate on Oahu and Parker Ranch on Hawai`i Island, which Defendants stated they would not be using, or training with different weapons or ammunition. Plaintiffs also contend that the denial of supplemental discovery is inconsistent with this Court's statements made at the November 20, 2006 status conference that more extensive discovery would be permitted, and with the parties' previous agreement to engage in discovery regarding remedy at a later time.

Defendants state that they have no plans at this time to materially modify Stryker training and that they are fully committed to complying with the Interim Injunction.  Defendants also state that they have no plans to use Parker Ranch or Campbell Estates land, other than for construction of the SBCT Motor Pool as permitted by the Interim Injunction.

As the parties are well aware, the discovery granted by this Court was limited so that this Court could make an expedited ruling, as instructed by the Ninth Circuit.  For the same reason, this Court closed that discovery shortly after the hearing on the Interim Injunction.  The extensive discovery that this Court referred to at the November 20, 2006 status conference was possible future discovery regarding remedy, as previously agreed to by the parties, and/or

discovery related to the other 22 construction projects if Defendants sought to move forward with those other projects at a later time.  The extensive discovery was certainly not related to Defendants' ability to move forward with SBCT training and the six construction projects at issue for the Interim Injunction.  To allow extensive discovery on those issues by requiring Defendants to supplement their discovery responses would lead to great delay in the training of the SBCT.

Specifically, as stated in the Order Denying Plaintiffs' Motion to Clarify December 29, 2006 Order Setting Interim Injunction, if this Court were to impose more restrictions on Defendants with respect to training, such as 24-hour notice of modification to any training, the Court would be in a position of micro-managing time-sensitive combat training, which would essentially shut down SBCT training for the soldiers and send them into combat only partially trained.  Moreover, although training is planned more than 24 hours in advance of implementation, Defendants must have the ability to make modifications to that training based on weather and availability of equipment and ranges.  If Defendants were required to give Plaintiffs notice of such changes within 24 hours of making the decision to make such change, Defendants would lose the flexibility that is essential to ensuring that these soldiers receive their training in a timely fashion.

The record needed for the Interim Injunction is complete, the discovery period closed, and the injunction issued. It would be inappropriate to reopen that record and impose significant burdens on Defendants, especially where this Court has time and again found that SBCT training in general for this limited period of time is extremely time-sensitive and essential to the deployment of the 2nd Brigade. Furthermore, Plaintiffs have never asserted that Defendants are violating the Interim Injunction. Accordingly, the Magistrate Judge's decision that pre-trial discovery is not the appropriate method of ascertaining compliance with the Interim Injunction is not clearly erroneous.

Notwithstanding, in order to ensure that there is no misunderstanding, this Court hereby requires the Army to notify Plaintiffs and this Court of any material changes to the training for the conversion of the 2nd Brigade to an SBCT prior to the implementation of such training. Material changes would be training with entirely new weapons, new types of ammunition, or conducting training in new ranges or on the lands acquired from Campbell Estates or Parker Ranch, that were not previously disclosed to this Court as time-sensitive for the conversion of the 2nd Brigade to an SBCT.

CONCLUSION

For the reasons stated above, the Court DENIES Plaintiffs' appeal.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 17, 2007.



_____
David Alan Ezra
United States District Judge

ʻĪLIOʻULAOKALANI COALITION, et al. vs. Robert M. Gates, et al., CV No. 04-00502 DAE-BMK;  ORDER DENYING PLAINTIFFS' APPEAL FROM MARCH 23, 2007 ORDER DENYING PLAINTIFFS' REQUEST FOR SUPPLEMENTAL DISCOVERY